# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JUDY KIRKBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cv-22 |
| | ) | |
| v. | ) | Chief Judge Algenon L. Marbley |
| | ) | Magistrate Judge Elizabeth P. Deavers |
| THE KROGER CO., | ) | |
| | ) | Oral Argument Requested |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF MICHAEL S. LEIB IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23(d)(1)(D)**

I, Michael S. Leib, hereby declare and state as follows:

1.     I am a partner in the law firm of Reed Smith LLP and am one of the attorneys representing The Kroger Company ("Kroger") in this action.  I am admitted to practice before this Court *pro hac vice*.  I have personal knowledge of the facts contained in this Declaration.  I could and would testify competently to the facts contained in this Declaration if called upon as a witness.

2.     I submit this declaration in connection with Kroger's Motion to Strike Plaintiff's Class Allegations Pursuant to Fed. R. Civ. P. 23(d)(1)(D).

3.     Attached to this Declaration as Exhibit 1 is a chart of differences in the standards governing fraud and negligent misrepresentation claims in 34 states.

4.     A similar chart for all 50 states was originally filled as an exhibit attached to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for

Class Certification in *Gianino v. Alacer Corp.*, 09-CV-01247-CJC-RNB (Dec. 23, 2011, C. D. Cal.), and was listed in that case under Dkt. 96-24. The legal propositions cited in the *Gianino* chart have been checked and updated or amended where necessary.

5.      In addition, because Kroger only operates in 34 out of the 50 states (*see* https://www.thekrogerco.com/newsroom/state-facts/), the chart has been modified to only include those 34 states in which Kroger operates. By only including these 34 states, Kroger does not waive the right to assert that the laws of more than just these 34 states applies to Plaintiff's nationwide class action claims.

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 16th day of April, 2021, in Paramus, New Jersey.


_/s/ *Michael S. Leib*_____
Michael S. Leib (*pro hac vice*)

# Exhibit 1

## VARIATIONS IN STATE INTENTIONAL/NEGLIGENT MISREPRESENTATION LAWS

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| ALABAMA | The elements of a claim of intentional misrepresentation under Alabama law are (1) a misrepresentation about a material fact, (2) made willfully to deceive or recklessly without knowledge, (3) justifiably relied upon by the plaintiff under the circumstances, and (4) which caused damages by proximate result.<br><br>*McGregor v. Landmark Chevrolet*, Inc., 596 So. 2d 909, 911 (Ala. 1992). | "The elements of a claim of negligent misrepresentation are: (1) a misrepresentation (2) concerning a material fact (3) justifiably relied on by the plaintiff (4) and loss or damages proximately caused by such misrepresentation."<br><br>*Shields v. Wash. Nat'l Ins. Co.*, 375 F. Supp. 2d 1346, 1350 (M.D. Ala. 2005). | "Fraud actions are governed by two-year statute of limitations under Alabama law."<br><br>*Jarzen v. Wright*, 679 So.2d 1086, 1088 (Ala. Civ. App. 1996); Ala. Code § 6-2-38. | "A plaintiff must prove that he or she reasonably relied on the defendant's misrepresentation in order to recover damages for fraud."<br><br>*AmerUs Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1207 (Ala. 2008)<br><br>"Alabama law is clear that reasonable reliance is an essential element of a negligent misrepresentation claim, just as it is for a fraud or reckless misrepresentation claim."<br><br>*Hardy v. Jim Walter Homes, Inc.*, 2008 U.S. Dist. LEXIS 26842 (S.D. Ala. Apr. 1, 2008). | Intentional Misrepresentations have to be made willfully to deceive or recklessly w/o knowledge.<br><br>*McGregor v. Landmark Chevrolet, Inc.*, 596 So. 2d 909, 911 (Ala. 1992). | "In order for [tort claim] of fraudulent-suppression to go to a jury, [plaintiff] must demonstrate by clear and convincing evidence each of the following elements"<br><br>*ITT Specialty Risk Servs., Inc. v. Barr*, 842 So.2d 648 (Ala. 2002).<br><br>Preponderance of the evidence for negligent misrepresentation.<br><br>*Gilchrist Timber Co. v. ITT Rayonier Inc.*, 472 F.3d 1329, 1330 (11th Cir. Fla. 2006. | For negligent fraud only compensatory damages.<br><br>*Hall Motor Co. v. Furman*, 285 Ala. 499, 504 (1970)<br><br>In fraud actions, recovery is under the benefit of the bargain rule.<br><br>*Reynolds v. Mitchell*, 529 So. 2d 227, 233 (Ala. 1988).<br><br>Punitive damages maybe awarded for intentional fraud, when it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.<br><br>Ala. Code § 6-11-20(a). | |
| ALASKA | The elements of intentional misrepresentation have been identified as "(1) a misrepresentation of fact or intention, (2) made fraudulently (i.e., with scienter), (3) for the purpose of inducing another to act in reliance, (4) with justifiable | "The elements of negligent misrepresentation are '(1) the party accused of misrepresentation must have made the statement in the course of his business, profession or employment; (2) the representation must supply 'false information'; | "Claims for fraud and misrepresentations are tort claims, and thus, are subject to two-year statute of limitations."<br><br>*Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995). | Justifiable reliance must be shown for both.<br><br>*Willard v. Khotol Servs. Corp.*, 171 P.3d 108, 119 (Alaska 2007); *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 988 | For intentional misrepresentation the misrepresentation must have been made fraudulently with scienter and for the purpose of inducing another to rely. | "The plaintiff in a misrepresentation case bears the burden of establishing by a preponderance of the evidence that the misrepresentation was material." | Nominal damages may not available for intentional misrepresentation. Punitive damages may be awarded if it is shown by clear and convincing evidence that the defendant's | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | reliance by the recipient, (5) causing loss." *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 987 (Alaska 2009). | (3) the plaintiff must show justifiable reliance on the false information; and (4) the accused party must have failed to exercise reasonable care or competence in obtaining or communicating the information.'" *Willard v. Khotol Servs. Corp.*, 171 P.3d 108, 118-19 (Alaska 2007) | | (Alaska 2009). | *Anchorage Chrysler Ctr., Inc. v.DaimlerChrysler Motors Corp.*, 221 P.3d 977, 987 (Alaska 2009). | *Diblik v. Marcy*, 166 P.3d 23, 28 (Alaska 2007). | intentional conduct was outrageous. *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 997 (Alaska 2009). "Although not briefed or argued by the parties we note that as to the negligent misrepresentation claim, the Brattens were entitled to be placed in the position they would now be in had they received accurate advice, so long as the damages were reasonable and certain" *Orsini v. Bratten*, 713 P.2d 791, 794 n. 6 (Alaska 1986). For intentional misrepresentation benefit of the bargain is sued to calculate damages. *Turnbull v. La Rose*, 702 P.2d 1331, 1336 (Ala. 1985) | |

2

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ARIZONA** | "A claim for fraud requires proof of nine elements by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010). | "The elements of negligent misrepresentation in Arizona are: (1) one who in the course of his business, profession or employment or in any other transaction in which it has a financial interest, (2) supplies false information, (3) for the guidance of others in their business transactions, which, (4) causes pecuniary damage (5) based on the other party's justifiable reliance on the information and (6) fails to exercise reasonable care or competence in communicating the information." *Salgado v. America's Servicing Co.*, 2011 U.S. Dist. LEXIS 99727, 10-11 (D. Ariz. Sept. 6, 2011). | For negligent misrepresentation the statute of limitations is two years. Ariz. Rev. Stat. § 12-542. An intentional misrepresentation claim must be brought within three years after the cause of action accrues. Ariz. Rev. Stat. § 12-543. The statutes of limitations for both negligent and intentional misrepresentation begin to run when the plaintiff knew or by reasonable diligence should have known of the misrepresentation. *Bank of the West v. Estate of Leo*, 231 F.R.D. 386, 390 (D. Ariz. 2005). | Justifiable reliance necessary for both. *Salgado v. America's Servicing Co.*, 2011 U.S. Dist. LEXIS 99727, 10-11 (D. Ariz. Sept. 6, 2011). | "A claim for fraud requires proof of: … (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated." *c Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010). | "A claim for fraud requires proof of nine elements by clear and convincing evidence . . ." *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033 (Ariz. Ct. App. 2010). Preponderance for negligent misrepresentation. *Miller v. X9 Ranch Owners Ass'n*, No. 2 CA-CV 2002-0127, 2003 Ariz. App. Unpub. LEXIS 377, at *20 (Ct. App. Dec. 23, 2003) | Fraud may result in punitive damages. *Jenkins v. Skelton*, 21 Ariz. 663, 192 P. 249 (1920). Damages for fraud are recovered under the benefit of the bargain rule. *Carrel v. Lux*, 101 Ariz. 430, 436 (Ariz. 1966). "The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause …" *Standard Chtd. PLC v. Price Waterhouse*, 190 Ariz. 6, 35 (Ariz. Ct. App. 1996) | |
| **ARKANSAS** | "There are five elements to the tort of fraud, misrepresentation, or deceit: (1) a false representation of material fact; (2) knowledge | Doesn't exist in Arkansas. "We decline to recognize the tort of negligent misrepresentation. | "The applicable statute of limitations on fraud and deceit is three years." *Tyson Foods, Inc. v. Davis*, 66 | "There are five elements to the tort of fraud, misrepresentation, or deceit: … (4) justifiable reliance on the representation; and (5) | "There are five elements to the tort of fraud, misrepresentation, or deceit:… (2) | "To prove fraud, the plaintiff must establish by a preponderance of the evidence . . . ." | Punitive damages available if "(1) The defendant knew or ought to have known, in light of the | Common law fraud claims which result in no injury are not actionable. |

3

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | that the representation is false, or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | Misrepresentation, also commonly referred to as deceit or fraud, has been an intentional tort in Arkansas for well over a century." *South County v. First W. Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994). | S.W.3d 568, 579 (Ark. 2002). | damage suffered as a result of the reliance." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | knowledge that the representation is false, or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation." *Rosser v. Columbia Mut. Ins. Co.*, 928 S.W.2d 813, 815 (Ark. Ct. App. 1996). | *Collins v. St. Vincent Doctors*, 253 S.W.3d 26, 29 (Ark. Ct. App. 2007). | surrounding circumstances, that his or her conduct would naturally and probably result in injury or damages and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage." Ark. Code Ann. § 16-55-206 "Our application of benefit-of-the-bargain damages in common-law fraud cases has nonetheless been limited to instances where the actual product received by the purchaser manifests that it is different from that which was promised." *Wallis v. Ford Motor Co.*, 362 Ark. 317, 319 (Ark. 2005). | *Wallis v. Ford Motor Co.*, 362 Ark. 317, 325 (Ark. 2005). |

4

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA** | The elements of an intentional misrepresentation claim are: "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557, 127 Cal. Rptr. 3d 569 (Cal. App. 2d Dist. 2011). | "The elements of negligent misrepresentation are: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage" *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. App. 4th Dist. 2011). | Three years after discovery. Cal. Civ. Proc. Code § 338 (d). | Justifiable reliance necessary for both. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. App. 4th Dist. 2011); *Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557, 127 Cal. Rptr. 3d 569 (Cal. App. 2d Dist. 2011). | Knowledge of the Falsity (scienter) and intent to deceive and induce reliance is necessary for intentional misrepresentation. *Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557, 127 Cal. Rptr. 3d 569 (Cal. App. 2d Dist. 2011). Intent to induce another's reliance is necessary for negligent misrepresentation as well. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (Cal. App. 4th Dist. 2011). | In California, fraud need be proved by a "preponderance of the evidence" rather than "clear and convincing evidence." *Rosener v. Sears, Roebuck & Co.*, 168 Cal. Rptr. 237, 246 (Cal. Ct. App. 1980). | Damages, whether for deceit or negligent misrepresentation, must be measured by the actual losses suffered because of the misrepresentation. Cal. Civ. Code §§ 1709, 3333. However, "fraud plaintiffs may recover 'out-of-pocket' damages in addition to benefit-of-the-bargain damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 992 (Cal. 2004). "Punitive damages are recoverable in those fraud actions involving intentional, but not negligent, misrepresentations." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1241 (Cal. 1995). | In order to recover for fraud and negligent misrepresentation, a plaintiff must prove actual monetary loss. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (Cal. 1995). |
| **COLORADO** | To sustain a claim for intentional misrepresentation, Plaintiff must demonstrate: (1) Defendant made a | To establish a claim for negligent misrepresentation, Plaintiff must demonstrate: (1) Defendant supplied false | Three years. Colo. Rev. Stat. Ann. § 13-80-101. | The element of justifiable reliance is common to both intentional and negligent misrepresentation. | For intentional misrepresentation the deception has to be knowing. | Defendants "failed to carry . . . burden of proving by clear and convincing evidence | Punitive Damages awarded when "the injury complained of is attended by circumstances of fraud, | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | fraudulent misrepresentation of material fact; (2) Plaintiff relied on the misrepresentation; (3) Plaintiff had a right to rely on, or was justified in relying on, the misrepresentation; and (4) the reliance resulted in damages.<br><br>*M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994).<br><br>Fraud is "a false representation of a material existing fact, made with knowledge or utter disregard of its falsity, with the intent to induce another to rely upon the representation and to take detrimental action thereon."<br><br>*Arapahoe County Water & Wastewater Pub. Improvement* Dist. v. HDR Eng'g, Inc., 2009 U.S. Dist. LEXIS 94936 (D. Colo. Sept. 25, 2009). | information to Plaintiff in the course of a business transaction; (2) Defendant failed to exercise reasonable care or competence in obtaining or communicating the false information; and (3) Plaintiff justifiably relied on the false information.<br><br>*Guardian Title Agency, L.L.C. v. Matrix Capital Bank*, 141 F. Supp. 2d 1277, 1283 (D. Colo. 2001). | | *Shavo Norgren (India) Private Ltd. v. C.A. Norgren Co.*, 2006 U.S. Dist. LEXIS 54077 (D. Colo. Aug. 3, 2006). | *People v. Collie*, 995 P.2d 765, 774 (Colo. Ct. App. 1999). | misrepresentation, nondisclosure and fraud necessary to support counterclaim."<br><br>*Ficor, Inc. v. McHugh*, 639 P.2d 385, 396 (Colo. 1982).<br><br>Preponderance of the evidence for negligence misrepresentation.<br><br>*Rossetti Assocs. v. Santa Fe I25 Denver, LLC*, 2011 U.S. Dist. LEXIS 22082 (D. Colo. Mar. 4, 2011). | malice, or willful and wanton conduct."<br><br>Colo. Rev. Stat. § 13-21-102(1)(a)."<br><br>The damages for fraud are the "benefit of the bargain" while the damages for negligent misrepresentation are "out of pocket expenses."<br><br>*Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 678 n.4-5 (Colo. 1994). | |
| **DELAWARE** | To establish a prima facie case of intentional misrepresentation, the following elements must be proven by a preponderance of the evidence: (1) Deliberate concealment by | "The elements for negligent misrepresentation are: (1) a misrepresentation of material fact; (2) that the representor either knew or should have known was false or made without | Three years from time of act.<br><br>*Krahmer v. Christie's, Inc.*, 903 A.2d 773 (Del. Ch. 2006). | Justifiable reliance is necessary for negligent misrepresentation.<br><br>*Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509 (D. Del. 2010). | Scienter required for intentional misrepresentation.<br><br>*Apartment Communities Corp. v. American E&S Ins.* | Under Delaware law, standard of proof for fraud is preponderance of the evidence.<br><br>*In re IBP Shareholders Litig. v. Tyson Foods,* | "The measure of damages for fraud differs from that for negligent misrepresentation. Pursuant to a fraud claim, the recipient of a | "Under Delaware law, intentional misrepresentation is a sufficient underlying tort to support a claim for civil conspiracy." |

6

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) That the defendant acted with scienter; (3) An intent to induce plaintiff's reliance upon the concealment; (4) Causation; and (5) Damages resulting from the concealment. *Apartment Communities Corp. v. American E&S Ins. Brokers*, 1999 U.S. Dist. LEXIS 17262 (D. Del. Oct. 13, 1999). | knowledge of truth or falsity; (3) the representor intended to induce another to act on the misrepresentation; and (4) resulting injury to a party acting in justifiable reliance on the misrepresentation." *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509 (D. Del.). | | | *Brokers*, 1999 U.S. Dist. LEXIS 17262 (D. Del. Oct. 13, 1999). Intent to induce reliance is necessary for both. *Id.* *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509 (D. Del. 2010). | 789 A.2d 14, 54 (Del. Ch. 2001). | fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including: (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation." Negligent misrepresentation damages are limited to out of pocket/reliance damages. *Envo, Inc. v. Walters*, 2009 Del. Ch. LEXIS 216 (Del. Ch. Dec. 30, 2009). | *Am. Gen. Life Ins. Co. v. Goldstein*, 741 F. Supp. 2d 604, 615 (D. Del. 2010). |
| **GEORGIA** | "To assert a claim for fraud in Georgia, a plaintiff must show (i) a false representation or omission | "The elements of negligent misrepresentation are: (1) the defendant's negligent supply of false information | "A suit alleging fraudulent inducement in the purchase of property is an action for injury to property, a claim for | Justifiable or reasonable reliance for both. *TechBios, Inc. v. Champagne*, | Scienter needed for intentional misrepresentation. | Tort of fraudulent misrepresentation requires proof of elements by a | "Punitive damages may be awarded in tort actions where there is clear and convincing | |

7

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | of a material fact; (ii) scienter; (iii) intention to induce the party claiming fraud to act or refrain from acting; (iv) justifiable reliance; and (v) damages." *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009). | to foreseeable persons, known or unknown; (2) such person's reasonable reliance on the false information; and (3) economic injury proximately resulting from such reliance." *Smiley v. S & J Inves., Inc.*, 260 Ga. App. 493, 580 S.E.2d 283, 288 (Ga. App. 2003). | which must be brought within four years after the right of action accrues." *City of McCaysville v. Cardinal Robotics, LLC*, 589 S.E.2d 614 (Ga. Ct. App. 2003) (internal citations omitted). For negligent misrepresentation "claims do not accrue until economic injury results from reliance on the misrepresentation." *Facility Constr. Mgmt. v. Ahrens Concrete Floors, Inc.*, 2010 U.S. Dist. LEXIS 29242 (N.D. Ga. Mar. 24, 2010). | 688 S.E.2d 378, 380 (Ga. Ct. App. 2009). *Smiley v. S & J Inves.*, Inc., 260 Ga. App. 493, 580 S.E.2d 283, 288 (Ga. App. 2003). | *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380 (Ga. Ct. App. 2009) | preponderance of evidence. *Bloodworth v. Bloodworth*, 626 S.E.2d 589 (Ga. Ct. App. 2006) (internal citations omitted). | evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. . . If, however, there is evidence of fraud, punitive damages can be awarded, as fraud constitutes tortious conduct". *Trickett v. Advanced Neuromodulation Sys.*, 542 F. Supp. 2d 1338, 1356 (S.D. Ga. 2008) Damages for Negligent misrepresentation are limited to "out of pocket expenses" while those for fraudulent misrepresentation are calculated using a "benefit of the bargain" standard. *BDO Seidman, L.L.P. v. Mindis Acquisition Corp.*, 276 Ga. 311, | |

8

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 312 (Ga. 2003). | |
| **IDAHO** | "The elements of an action for fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Deutz-Allis Credit Corp. v. Bakie Logging*, 824 P.2d 178, 182 (Idaho Ct. App. 1992). | Not recognized in Idaho. *Gibson v. Credit Suisse AG*, 2011 U.S. Dist. LEXIS 39685, at * 78 n.28 (D. Idaho Feb. 17, 2011). | Three years from discovery. Idaho Code Ann. § 5-218. | Reliance must be justified. *Irwin Rogers Ins. Agency v. Murphy*, 122 Idaho 270, 274 (Idaho Ct. App. 1992). | Knowledge or ignorance of truth is needed, as is intent to induce reliance. *Deutz-Allis Credit Corp. v. Bakie Logging*, 824 P.2d 178, 182 (Idaho Ct. App. 1992). | The burden is on the claimant to prove each element of fraud by clear and convincing evidence. *Kuhn v. Coldwell Banker Landmark, Inc.*, Case 245 P.3d 992, 1002 (Idaho 2010). | Punitive damages available where there is an extreme deviation from a reasonable standard of conduct evidencing a harmful state of mind. *Hardenbrook v. UPS*, 2009 U.S. Dist. LEXIS 99596, 24-25 (D. Idaho Oct. 26, 2009). "The 'out-of-pocket rule' and the 'benefit-of-bargain rule' are not exclusive and should only be used when appropriate under the facts. The underlying principle is that the victim of fraud is entitled to compensation for every wrong, which is the natural and proximate result of the fraud. The measure of damages, which should be adopted under the facts of a case, is the one, which will effect such results." *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217 (Idaho 1996). | No recovery for mental anguish. *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 218 (Idaho 1996). |

9

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ILLINOIS** | "The elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, are: (1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). | "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance" *Gray v. Abbott Labs., Inc.*, 2011 U.S. Dist. LEXIS 80189 (N.D. Ill. 2011). | Action in fraud and deceit must be commenced within five years after the cause of action accrued. *Fitton v. Barrington Realty Co., Inc.*, 653 N.E.2d 1276 (Ill. App. Ct. 1995). Same for negligent misrepresentation. *Brown v. New York Life Ins. Co.*, No. 06-C3339, 2008 U.S. Dist. LEXIS 2942, at *6 (N.D. Ill. Jan. 15, 2008). | Justifiable reliance and damage needed for both. *Gray v. Abbott Labs., Inc.*, 2011 U.S. Dist. LEXIS 80189 (N.D. Ill. 2011); *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). | Knowledge or belief of falsity and intent to induce reliance needed for intentional misrepresentation. *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010). "negligent misrepresentation does not require scienter" *Anderson v. AON Corp.*, 2011 U.S. Dist. LEXIS 111217 (N.D. Ill. Sept. 29, 2011). | A plaintiff must prove the elements of fraudulent misrepresentation by clear and convincing evidence. *Johnson v. Waterfront Servs. Co.*, 909 N.E.2d 342 (Ill. App. Ct. 2009). Preponderance of the evidence for negligent misrepresentation. *Eastern Cyclone Indus. v. State*, 37 Ill. Ct. Cl. 197, 209-210 (Ill. Ct. Cl. 1984). | Punitive damages are prohibited in simple negligence cases but are appropriate in fraud cases. *Cripe v. Leiter*, 291 Ill. App. 3d 155, 158 (Ill. App. Ct. 3d Dist. 1997). If the party proves all of the elements of fraud or negligent misrepresentation, including the essential element of damage, nominal damage can be recovered for both. *City of Chicago v. Michigan Beach Hous. Coop.*, 297 Ill. App. 3d 317, 326 (Ill. App. Ct. 1st Dist. 1998). "the damages claimed on the basis of negligent misrepresentation are limited to out-of-pocket damages." *Wells Fargo Bus. Credit, Inc. v. Dovebid Valuation Servs.*, 2008 U.S. Dist. LEXIS | |

10

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 85088 (N.D. Ill. Sept. 18, 2008)<br><br>Benefit of the bargain is used to calculate damages in fraud cases.<br><br>*Price v. Philip Morris, Inc.*, 2005 Ill. LEXIS 2071 (Ill. Dec. 15, 2005). | |
| **INDIANA** | "To establish a cause of action for fraudulent misrepresentation, [plaintiff] must demonstrate that (1) [defendant] made false statements of past or existing material facts; (2) [defendant] made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity; (3) [defendant] made the statements to induce [plaintiff] to act upon them; 4) [plaintiff] justifiably relied and acted upon the statements; and 5) [the plaintiff] suffered injury."<br><br>*Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | Does not recognize negligent misrepresentation as a distinct tort.<br><br>*Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 584 (Ind. App. 1999). | Six-year statute of limitations for actions seeking relief against frauds applies to constructive fraud as well as actual fraud.<br><br>*Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 870 n.7 (Ind. Ct. App. 1999). | Justifiable reliance required.<br><br>*Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | Knowledge or recklessness needed for intentional misrepresentation and the statements must have been made in order to induce the other party.<br><br>*Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010). | "When fraud is relied on as a basis for recovery, alleging party must prove all of essential elements of fraud by a preponderance of the evidence."<br><br>*Grissom v. Moran*, 290 N.E.2d 119, 123 (Ind. Ct. App. 1972). | Fraudulent misrepresentation can result in punitive damages.<br><br>*A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1263 (Ind. Ct. App. 1986).<br><br>Benefit of the bargain is the measure for intentional misrepresentation damages.<br><br>*Lightning Litho, Inc. v. Danka Indus.*, 776 N.E.2d 1238, 1243 (Ind. Ct. App. 2002). | |
| **KANSAS** | "[T]he elements of an action for fraud include (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made | "The elements of negligent misrepresentation are: (1) the defendant made a false statement regarding a transaction in which he or | A fraud claim must be "brought within two years of discovery of the fraud."<br><br>*Richards v. Bryan*, 879 P.2d | Justifiable reliance for both.<br><br>*Bomhoff v. Nelnet Loan Servs, Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting* | Intent to deceive or reckless disregard for the truth, and knowledge of the falsity of statement needed for intentional | "(1) Fraud is never presumed; (2) fraud must be established by clear and convincing evidence; and (3) the | To recover punitive damages, plaintiff must prove by clear and convincing evidence, that defendant acted | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | with the intent to deceive or with reckless disregard for the truth, (4) upon which another party justifiably relies and (5) acts to his or her detriment." *Bomhoff v. Nelnet Loan Servs, Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting Alired v. McGehee*, 85 P.3d 1191 (2004). | she had a pecuniary interest; (2) the defendant failed to exercise reasonable care to ascertain or communicate the accuracy of the statement; (3) the plaintiff justifiably relied upon the statement; and (4) the plaintiff thereby incurred a loss." *Evolution, Inc. v. Suntrust Bank*, 342 F. Supp. 2d 964, 971 (D. Kan. 2004). | 638, 646 (Kan. Ct. App. 1994). | *Alired v. McGehee*, 85 P.3d 1191 (2004). *Evolution, Inc. v. Suntrust Bank, 342 F. Supp. 2d 964*, 971 (D. Kan. 2004). | misrepresentation. *Bomhoff v. Nelnet Loan Servs, Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) (*quoting Alired v. McGehee*, 85 P.3d 1191 (2004). | existence of fraud is normally a question of fact" *Chism v.  Protective Life Ins. Co.*, 234 P.3d 780, 783 (Kan. 2010). "plaintiffs' burden of proof on his negligent misrepresentation claim is by a preponderance of the evidence." *Sprague v. Peoples State Bank*, 844 F. Supp. 662, 670 (D. Kan. 1994). | willfully, wantonly, or with fraud or malice. K.S.A. §§ 60-3701(c), 60-3702(c). Benefit of the bargain is used to calculate damages for fraud. *Fisher v. Mr. Harold's Hair Lab, Inc.*, 215 Kan. 515 (Kan. 1974). | |
| KENTUCKY | "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Barton Brands, Ltd. V.* | Five years. Ky. Rev. St. Ann. § 413.120(11). | Justifiable reliance for both. *Barton Brands, Ltd. v. O'Brien & Gere, Inc.* of N. Am., 2009 U.S. Dist. LEXIS 33187 (W.D. Ky. Apr. 15, 2009). *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | Knowledge or recklessness and intent to induce reliance must be present for intentional misrepresentation. *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). | Fraud claim requires proof, by clear and convincing evidence, of six elements . . . . *Flegles, Inc. v. Truserv Corp.*, 289 S.W.3d 544 (Ky. 2009). Negligent misrepresentation - similarly requires proof by clear and convincing evidence of a material representation, which is false, known to be false or made recklessly, made with inducement to be acted upon, acted | To receive punitive damages, the plaintiff must show by clear and convincing evidence the defendant acted with "oppression, fraud or malice." KRS § 411.184(2). The terms "oppression" and "fraud" are statutorily defined. Oppression is conduct intended to subject a plaintiff to cruel and unjust hardship. Id. § 411.184(1)(a). | |

12

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | *O'Brien & Gere, Inc.* of N. Am., 2009 U.S. Dist. LEXIS 33187 (W.D. Ky. Apr. 15, 2009). | | | in reliance thereon, and causing injury. *Presnell Constr Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 581 n.16 (Ky. 2004). | | Fraud is defined to be Intentional misrepresentation…of material fact that is known to the defendant and made with the intention of causing injury to the plaintiff. § 411.184(1)(b) Benefit of the bargain is used to calculate damages for fraud. *Sanford Constr. Co. v. S & H Contractors, Inc.*, 443 S.W.2d 227, 238 (Ky. 1969). Out of pocket for negligent misrepresentation. *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 737 (Ky. 2011). | |
| **LOUISIANA** | "To succeed in a claim for intentional/fraudulent misrepresentations, the petition must contain allegations of: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance | The plaintiff must show (1) a legal duty to supply correct information; (2) breach; and (3) damages resulting from justifiable reliance on the misrepresentation. *Commercial Nat. Bank v.* | An action for fraud is in tort and prescribes in one year. *Winn Fuel Serv., Inc. v. Booth*, 34 So.3d 515, 519 (La. Ct. App. 2010). | Justifiable reliance necessary for both. *Commercial Nat. Bank v. Audubon Meadow Part.*, 566 So.2d 1136, 1139 (La.App. 2d Cir.1990). *Sys. Eng'g and Sec., Inc. v.* | Intent to deceive necessary for intentional misrepresentation. *Sys. Eng'g and Sec., Inc. v. Sci. & Eng's Ass'ns, Inc.*, 962 So. 2d 1089, 1091 (La. Ct. | "Fraud need only be proven by preponderance of evidence and may be established by circumstantial evidence." *Van Meter v. Gutierrez,* | Louisiana law prohibits punitive damage awards in tort cases. *Silver v. Nelson*, 610 F. Supp. 505, 523 (D. La. 1985). Negligent | |

13

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | with resulting injury." *Sys. Eng'g and Sec., Inc. v. Sci. & Eng's Ass'ns, Inc.,* 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | *Audubon Meadow Part.,* 566 So.2d 1136, 1139 (La.App. 2d Cir.1990). | | *Sci. & Eng's Ass'ns, Inc.,* 962 So. 2d 1089, 1091 (La. Ct. App. 2007). | App. 2007). | 897 So.2d 781, 787 (La. Ct. App. 2005). | misrepresentation entitles a successful plaintiff to an award of damages for mental anguish, pain and suffering. La. C.C. Art. 2315. | |
| **MARYLAND** | "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *HBCU Pro Football. LLC v. New Vision Sports Props., LLC,* 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011). | "(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence." *Baney Corp. v. Agilysys NV, LLC,* 773 F. Supp. 2d 593, 608 (D. Md. 2011). | Three years after discovery. Md. Code Ann., Cts & Jud. Proc., § 5-101. | Justifiable reliance needed for both. *HBCU Pro Football. LLC v. New Vision Sports Props., LLC,* 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011). *Baney Corp. v. Agilysys NV, LLC,* 773 F. Supp. 2d 593, 608 (D. Md. 2011). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of defrauding plaintiff. *HBCU Pro Football. LLC v. New Vision Sports Props., LLC,* 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011). Intention to induce reliance needed for negligent misrepresentations. *Baney Corp. v. Agilysys NV, LLC,* 773 F. Supp. 2d 593, 608 (D. Md. 2011). | To prevail on a fraud-based claim, a party must prove each element of the fraud by clear and convincing evidence. *Cent. Truck Ctr., Inc. v. Cent. GMC, Inc.,* 4 A.3d 515, 521, n. 6 (Md. Ct. Spec. App. 2010). Negligent misrepresentation may be proven by a preponderance of the evidence. *Kiddie Acad. Domestic Franchising LLC v. Faith Enters.* DC, LLC, 2009 U.S. Dist. LEXIS 61989 (D. Md. July 17, 2009). | Punitive damages available for intentional misrepresentation. *HBCU Pro Football. LLC v. New Vision Sports Props., LLC,* 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011). "The proper measure of damages in fraud and deceit cases is determined by the so-called 'flexibility theory,'…" *Hinkle v. Rockville Motor Co.,* 262 Md. 502, 511 (Md. 1971). Out of pocket for negligent misrepresentation. *Weisman v. Connors,* 312 Md. 428, 440 (Md. 1988). | |

14

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **MICHIGAN** | "To prove a claim of fraudulent misrepresentation, or common-law fraud, a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury."<br><br>*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | "The elements of negligent misrepresentation are: (1) justifiable and detrimental reliance on (2) information provided without reasonable care (3) by one who owed a duty of care."<br><br>*Wier v. Countrywide Bank*, N.A., 2011 U.S. Dist. LEXIS 35066 ( E.D. Mich. Mar. 31, 2011). | Six years after accrual.<br><br>Mich. Comp. Laws. Ann. § 600.5813. | Justifiable reliance needed for both.<br><br>*Wier v. Countrywide Bank*, N.A., 2011 U.S. Dist. LEXIS 35066 ( E.D. Mich. Mar. 31, 2011).<br><br>*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of inducing reliance by the plaintiff.<br><br>*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). | Fraud must be established by clear and convincing evidence and must never be presumed.<br><br>*Foodland Distrib. v. Al-Naimi*, 559 N.W.2d 379, 381 (Mich. App. 1996).<br><br>Preponderance for negligence.<br><br>*Dasch, Inc. v. Signature Assocs.*, No. 12-126590-NZ, 2014 Mich. Cir. LEXIS 870, at *22 (Mar. 12, 2014). | Fraudulent intent may give rise to punitive damages.<br><br>*Williams v. Polgar*, 391 Mich. 6, 21, n.21 (Mich. 1974).<br><br>The damages for negligent misrepresentation are out of pocket expenses, never the benefit of the bargain.<br><br>*Law Offices of Lawrence J Stockler, P.C. v. Rose*, 174 Mich. App. 14, 44 (Mich. Ct. App. 1989).<br><br>Benefit of the bargain is used to calculate damages for fraud.<br><br>*Wolbrink v. Sorr*, 341 Mich. 512, 521 (Mich. 1954). | |
| **MISSISSIPPI** | "[I]n order to establish fraud, the following elements must be proven: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation | "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the | Three years after accrual.<br><br>Miss. Code Ann. § 15-1-49; *Sanderson Farms, Inc. v. Ballard*, 917 So.2d 783, 789 (Miss. 2005). | Reasonable reliance is needed for both.<br><br>*Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009).<br><br>*Davis v. AutoZone, Inc.*, 2011 U.S. Dist. LEXIS 113839 | Knowledge of statements falsity or ignorance of its truth is necessary along with intent to induce reliance.<br><br>*Poe v. Summers*, 11 So.3d 129, 133 (Miss. | The elements of fraud, which must be proven by clear and convincing evidence.<br><br>*O.W.O. Invs v. Stone Inv. Co., Inc.*, 32 So.3d 439, 446 (Miss. 2010). | In Mississippi, to recover punitive damages based on a claim of fraud, the plaintiffs must prove by clear and convincing evidence that "the defendant … committed actual | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009). | public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance. *Davis v. AutoZone, Inc.*, 2011 U.S. Dist. LEXIS 113839 (S.D. Miss. Oct. 1, 2011). | | (S.D. Miss. Oct. 1, 2011). | Ct. App. 2009). | "In order to establish negligent misrepresentation the following elements must be proven by a preponderance of the evidence" *Davis v. AutoZone, Inc.*, 2011 U.S. Dist. LEXIS 113839 (S.D. Miss. Oct. 1, 2011). | fraud." Miss. Code Ann. § 11-1-65. For fraud, damages are "actual damages" not just out of pocket expenses. *Hobbs Auto., Inc. v. Dorsey*, 914 So. 2d 148, 154 (Miss. 2005). | |
| **MISSOURI** | "To make a submissible case of fraudulent misrepresentation, a plaintiff is required to prove nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." | "(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited  persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134  (Mo. 2010). | Statute of limitations for fraud and misrepresentation is five years from when the fraud was discoverable by the aggrieved party, and it is the aggrieved party's duty to inquire so as to discover  the facts surrounding the fraud. *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991). | Justifiable reliance for needed for both. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008). | For negligent misrepresentation speaker needs to intentionally provide information for a business purpose. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). Knowledge of statements falsity or ignorance of its truth is necessary along with intent to induce reliance. *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, | "The party alleging fraud bears the burden of proving each element and must satisfy that burden with clear and convincing evidence." *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. App. 2007). Based on the holding in that case and its progeny, the plaintiff must establish by a preponderance of the evidence the following elements in a cause of action for negligent misrepresentation. *Landmark Bank v.* | Punitive damages are available for fraudulent misrepresentation. *Wells v. Farmers Alliance Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 10032 (E.D. Mo. Feb. 11, 2009). "Generally, a victim of fraud can either return what he purchased and get his money back (recission), or keep what he purchased and sue for damages measured as the difference between its value as represented and its true value as of the date of purchase | |

16

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008) (internal citations omitted). | | | | 607 (Mo. Ct. App. 2008). | *McGlinn*, 684 F. Supp. 1500, 1505 (E.D. Mo. 1988). | (benefit of the bargain)." *Davis v. Cleary Bldg. Corp.*, 143 S.W.3d 659, 668 (Mo. Ct. App. 2004). A claim for negligent misrepresentation is limited to pecuniary loss (out of pocket). *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. 2010). | |
| **MONTANA** | "[T]he nine elements of actual fraud: (1) a representation; (2) falsity of the representation; (3) materiality of the representation; (4) speaker's knowledge of the falsity of the representation or ignorance of its truth; (5) speaker's intent it should be relied upon; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and (9) consequent and proximate injury caused by the reliance on the representation." | "1. the defendant made a representation as to a past or existing material fact; 2. the representation must have been untrue; 3. regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true; 4. the representation must have been made with the intent to induce the plaintiff to rely on it; 5. the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation and it must have been | "Fraud claims are subject to a two-year statute of limitations." *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 440 (Mont. 2003). | Justifiable reliance is an element for both. *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). *CQI, Inc. v. Mt. West Farm Bureau Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 107389, 26-27 (D. Mont. Oct. 7, 2010). | Knowledge of statements falsity or ignorance of its truth is necessary for intentional misrepresentation along with intent to induce reliance. *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). "[N]egligent misrepresentation does not require 'intent to deceive' but, . . . intent to induce reliance on a representation without any reasonable ground to believe that it is | "A mere suspicion of fraud is not sufficient, fraud must be proven by a preponderance of the evidence." *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005). | Punitive damages are available if clear and convincing evidence that defendant was guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-221(1). The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss of which the misrepresentation is a legal cause, including (a) the difference between the value of | |

17

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996). | justified in relying on the representation; and 6. the plaintiff, as a result if his or her reliance, sustained damage. *CQI, Inc. v. Mt. West Farm Bureau Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 107389, 26-27 (D. Mont. Oct. 7, 2010). | | | true." *Tripp v. Jeld-Wen, Inc.*, 2005 MT 121, 327 Mont. 146, 112 P.3d 1018, P 30 (Mont. 2005). | | what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance on the misrepresentation *United First Fed. Sav. & Loan Ass'n v. White-Stevens, Ltd.*, 253 Mont. 242, 249 (Mont. 1992). | |
| NEBRASKA | "In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result." | "(1) a duty of reasonable care in conveying information; (2) a breach of that duty by giving false information; (3) reasonable reliance on the misrepresentation, which reliance is the proximate cause of physical injury; and (4) damages." *Delanghe v. Conley*, 2006 U.S. Dist. LEXIS 44972 (D. Neb. June 29, 2006). | When the specific cause of action in the petition is one for fraud, the statute which applies in this instance is the four-year statute of limitations. *McGinley v. McGinley*, 583 N.W.2d 77, 80 (Neb. Ct. App. 1998). | Reasonable reliance is necessary for both. *Delanghe v. Conley*, 2006 U.S. Dist. LEXIS 44972 (D. Neb. June 29, 2006). *Schuelke v. Wilson*, 549 N.W.2d 176, 181-82 (Neb. 1996). | Knowledge or recklessness is necessary and the statement has to be made for the purpose of inducing reliance by the plaintiff. *Delanghe v. Conley*, 2006 U.S. Dist. LEXIS 44972 (D. Neb. June 29, 2006). | Courts of law require proof of fraud by a preponderance of the evidence, while courts of equity require clear and convincing evidence. *Huffman v. Poore*, 569 N.W.2d 549, 559 (Neb. Ct. App. 1997). | Punitive damages not allowed. *Abel v. Conover*, 170 Neb. 926, 104 N.W.2d 684, 688 (Neb. 1960). The measure of recovery is compensation for the injury sustained. *Id.* The damages for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause. | |

18

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | *Schuelke v. Wilson*, 549 N.W.2d 176, 181-82 (Neb. 1996). | | | | | | *Burke v. Harman*, 6 Neb. App. 309, 340 (Neb. Ct. App. 1998). | |
| NEVADA | "1. A false representation made by the defendant;<br><br>2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);<br><br>3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;<br><br>4. Plaintiff's justifiable reliance upon the misrepresentation; and<br><br>5. Damage to the plaintiff resulting from such reliance."<br><br>*Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). | "1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he  has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information."<br><br>*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006). | Three years after discovery.<br><br>Nev. Rev. Stat. 11.190 (3)(d). | Justifiable reliance is necessary for both.<br><br>*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006).<br><br>*Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). | Knowledge or belief of falsity or insufficient basis for making the representation and the statement has to be made for the purpose of inducing reliance by the plaintiff.<br><br>*Bulbman, Inc. v. Nevada Bell*,  825 P.2d 588, 592 (Nev. 1992). | "[B]urden is on plaintiff to establish fraud by clear and convincing evidence."<br><br>*Hindenes v. Whitney by Vogelheim*, 697 P.2d 932, 933-34 (Nev. 1985).<br><br>Preponderance for negligence.<br><br>*Butcher v. Advanced Mineral Techs., Inc.*, 2011 U.S. Dist. LEXIS 21493 (D. Nev. Mar.  2, 2011). | Punitive damages may be awarded upon clear and convincing evidence of fraud, oppression, or malice, express or implied.<br><br>Nev. Rev. Stat. §42.005(1).<br><br>For punitive damages purposes, Nevada law defines: (1) oppression means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person; (2) fraud to be an intentional misrepresentation or concealment of a material fact with the intent to deprive another person of his or her rights or property; (3) malice, express or implied, to be despicable conduct which is engaged in with a conscious disregard of the rights or safety of others; and | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | (4) conscious disregard to mean knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences. | |
| NEW MEXICO | "In order to prevail on a fraud claim, a plaintiff must prove the existence of (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Papatheofanis v. Allen*, 242 P.3d 358, 361 (N.M. Ct. App. 2010) (internal citations omitted). | "(1) negligent misrepresentation may involve a statement that is 'literally true' but misleading; (2) negligent misrepresentation only requires a failure to exercise ordinary care in obtaining or communicating the statement; (3) misrepresentation only requires an intent that the plaintiff receive and be influenced by the statement where it is reasonably foreseeable that the plaintiff would be harmed if the information conveyed was incorrect or misleading." *Bull v. BGK Holdings, LLC*, 2012 U.S. Dist. LEXIS 64725 (D.N.M. May 12, 2012). | Four years. N.M. Stat. Ann. §37-1-4. | Intentional misrepresentation requires detrimental reliance. *Papatheofanis v. Allen*, 242 P.3d 358, 361 (N.M. Ct. App. 2010). As with fraud, reliance is an element of negligent misrepresentation. *SKI Racing, Inc. v. Johnson*, 2010 U.S. Dist. LEXIS 143645 n.9 (D.N.M. July 31, 2010). | "fraudulent misrepresentation requires an intent to deceive, while negligent misrepresentation only requires an intent that the plaintiff receive and be influenced by the statement where it is reasonably foreseeable that the plaintiff would be harmed if the information conveyed was incorrect or misleading." *State ex rel. Nichols v. Safeco Ins. Co.*, 671 P.2d 1151, 1154 n.1 (Ct. App.1983). | Clear and convincing standard of proof is applicable to cases concerning undue influence; this standard requires fact finder to reach abiding conviction as to truth of facts found. *Montoya v. Torres*, 823 P.2d 905, 909 (N.M. 1991). Negligent misrepresentation may be proven by a preponderance of the evidence. *Eoff v. Forrest*, 109 N.M. 695, 699, 789 P.2d 1262, 1266 (1990). | Punitive or exemplary damages may be awarded only when the conduct of the wrongdoer may be said to be maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard to the plaintiffs' rights. *Loucks v. Albuquerque National Bank*, 418 P.2d 191, 199 (1966). Out of pocket damages are awarded for negligent misrepresentation while benefit of the bargain damages are awarded for fraud. *First Interstate Bank v. Foutz*, 107 N.M. 749, 751 (N.M. 1988). | |

20

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **NORTH CAROLINA** | The elements of a North Carolina fraud claim are "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Forbis v. Neal*, 649 S.E.2d 382, 387 (2007). "Additionally, any reliance on the allegedly false representations must be reasonable." *Id.* | The elements of a negligent misrepresentation claim are (1) justifiable reliance (2) to a party's detriment (3) on information prepared without reasonable care (4) by one who owed the relying party a duty of care. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (1988). | Three years after discovery. N.C. Gen. Stat. § 1-52. | Reasonable or justifiable reliance is necessary. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (1988). *Forbis v. Neal*, 649 S.E.2d 382, 387 (2007). | "Fraud requires a (2) reasonably calculated to deceive, (3) made with intent to deceive." *Hudgins v. Wagoner*, 694 S.E.2d 436, 442 (N.C. Ct. App. 2010). | "[I]t is possible for a jury to find someone liable for fraud by preponderance of the evidence, but not find an aggravating factor of fraud, [as required for punitive damages,] by clear and convincing evidence." *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). | Clear and convincing evidence of fraud needed for punitive damages. *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). "[A] plaintiff may recover loss of bargain damages in a tort action if she establishes: (1) that the damages are the natural and probable result of the tortfeasor's misconduct; and (2) that the amount of damages is based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty." *Piedmont Inst. of Pain Mgmt. v. Staton Found.*, 157 N.C. App. 577, 591 (N.C. Ct. App. 2003). Generally damages for negligent misrepresentation are limited to pecuniary | |

21

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | loss.<br><br>*Barfield v. Matos*, 714 S.E.2d 812, 825 (N.C. Ct. App. 2011). | |
| **OHIO** | "Fraud consists of (a) a representation or, where there is a duty to disclose, a concealment of fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."<br><br>*Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010). | "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."<br><br>*Delman v. Cleveland Hts.*, 534 N.E.2d 835, 838 (Ohio 1989). | Four years after discovery.<br><br>*Burr v. Board of Cnty Comm'rs of Stark Cnty.*, 491 N.E.2d 1101 (Ohio 1986). | Justifiable reliance necessary for both.<br><br>*Delman v. Cleveland Hts.*, 534 N.E.2d 835, 838 (Ohio 1989).<br><br>*Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010). | For intentional misrepresentation the statement needs to have been made with knowledge of falsity or reckless disregard and with intent to induce reliance.<br><br>*Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010). | "The elements of fraud must be established by clear and convincing evidence."<br><br>*Rapport v. Kochovski*, 923 N.E.2d 1212, 1215 (Ohio Ct. App. 2009).<br><br>A claim for negligent misrepresentation is subject to a preponderance of evidence standard.<br><br>*Flanagan Lieberman Hoffman & Swaim v. Transamerica Life & Annuity Co.*, 228 F. Supp. 2d 830, 853 (S.D. Ohio 2002). | Pecuniary loss only for negligent misrepresentation.<br><br>*Delman v. Cleveland Hts.*, 534 N.E.2d 835, 838 (Ohio 1989).<br><br>Benefit of the bargain is sued to calculate damages for fraud.<br><br>*Northpoint Props. v. Charter One Bank*, 2011 Ohio 2512, P35 (Ohio Ct. App., Cuyahoga County May 26, 2011).<br><br>"In tort law, punitive damages are available in actions involving fraud, actual malice, oppression, or insult  on the part of the defendant."<br><br>*Touhey v. Ed's Tree & Turf, L.L.C.*, WL 2672236, at * 4 (Ohio App. 12 Dist. 2011). | |
| **OREGON** | "Under Oregon law, proof of fraud generally requires a | (1) a special relationship between plaintiff and | Two years after discovery. | Reasonable or justifiable reliance is needed for both. | Knowledge that fact was false and intent to | "Clear and convincing proof is required in  civil | Punitive damages are available for intentional | |

22

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | showing that (1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance." *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003) (internal citations omitted). | defendants; (2) that defendants failed to exercise reasonable care by negligently making false representations or omitting material facts; (3) plaintiff's reasonable reliance on those false representations or omissions; and (4) damages sustained by plaintiff. *Conway v. Pacific University*, 924 P.2d 818 (1996). | *Murray v. Lamb*, 148 P.2d 797, 801 (Or. 1944). | *Conway v. Pacific University*, 924 P.2d 818 (1996). *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003). | induce reliance necessary for fraud. *Pollock v. D.R. Horton, Inc.-Portland*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003). | cases involving allegations of fraud." *Gallant v. Board of Med. Exam'rs*, 974 P.2d 814, 820 (Or. Ct. App. 1999). Preponderance for negligence. *Onita Pac. Corp. v. Trs. of Bronson*, 315 Ore. 149, 159 (Or. 1992). | misrepresentation. While recklessness or even negligence might suffice, it has to "go beyond mere carelessness to a willful or reckless disregard of risk of harm to others of a magnitude evincing a high degree of social irresponsibility. In such a setting the plaintiff whose economic loss may be insignificant to the enterprise and perhaps too small to justify the expenses of pressing a claim represents social interests larger than his own." *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Ore. 127, 138 (Or. 1984). The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies. *Duyck v. Tualatin Valley Irrigation Dist.*, 80 Ore. App. 602, 610 | |

23

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | (Or. Ct. App. 1986). | |
| **SOUTH CAROLINA** | "To establish fraud, the following nine elements must be shown: (1) a representation or nondisclosure of a material fact, (2) its falsity, (3) its materiality, (4) either knowledge of its falsity or a reckless disregard of its truth or falsity, (5) intent that the representation be acted upon, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.E.2d 371, 378 (S.C. Ct. App. 2000). | "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation." *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992). | Three years after discovery. S.C. Code Ann. § 15-3-530 (1976). | Justifiable reliance necessary for both. *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992). *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.E.2d 371, 378 (S.C. Ct. App. 2000). | For intentional misrepresentation the statement needs to have been made with knowledge of falsity and reckless disregard and with intent to induce reliance. *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 527 S.C.2d 371, 378 (S.C. Ct. App. 2000). | "To prevail on a cause of action for fraud, a Plaintiff must prove by clear, cogent and convincing evidence…" *Moseley v. All Things Possible, Inc.*, 694 S.E.2d 43, 45 (S.C. Ct. App. 2010). "A claim for negligent misrepresentation requires a plaintiff to show, by a preponderance of the evidence." *RL REGI Fin., LLC v. DDB of Spartanburg, LLC*, 2011 U.S. Dist. LEXIS 94518 (D.S.C. Aug. 23, 2011). | An act of fraud is enough to warrant punitive damages. *Hutcheson v. Pilgrim Health & Life Ins.* Co., 227 S.C. 239, 244 (S.C. 1955). South Carolina scheme of punitive damages, which allows a jury to punish wealthier defendants more to effect a proportionally equal deterrent. *Defender Industries, Inc. v. Northwestern Mut. Life Ins.* Co., 809 F. Supp. 400, 409 (D.S.C. 1992). The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies. *Schnellmann v. Roettger*, 373 S.C. 379, 383 (S.C. 2007). | |
| **TENNESSEE** | "[Plaintiff] must prove six elements to establish [a] | "[1] the defendant supplied information to the plaintiff; | Three years. | Reasonable or justifiable reliance needed for both. | For intentional misrepresentation, the | "[T]he preponderance [of evidence] standard | Punitive damages permitted only if | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | claim of intentional misrepresentation: (1) that [the defendant] made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that [the defendant] made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that [the plaintiff] reasonably relied on the representation; and (6) that [the plaintiff was] damaged by relying on the representation." *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | [2] the information was false; [3] the defendant did not exercise reasonable care in obtaining or communicating the information and [4] the plaintiffs justifiably relied on the information." *Williams v. Berube & Assocs.*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000). | *Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977). | *Williams v. Berube & Assocs.*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000). *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | statement needs to have been made with knowledge of falsity or recklessness or without belief that it was true. *Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). | [of proof] applies in a [fraud] case where the plaintiff does not seek rescission or reformation of a written instrument due to fraud. . . .'" *Elchlepp v. Hatfield*, 294 S.W.3d 146, 150 (Tenn. Ct. App. 2008). | defendant has acted intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 900 (Tenn. 1992). Damages for fraud are calculated using the benefit of the bargain rule. *Elchlepp v. Hatfield*, 294 S.W.3d 146, 152 (Tenn. Ct. App. 2008). | |
| **TEXAS** | "The elements of fraud are (1) a material representation was made, (2) the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party | (a) defendant provides information in the course of his business, or in a transaction in which he has a pecuniary interest; (b) the information supplied is false; (c) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (d) the plaintiff justifiably relies | "Texas law prescribes a four-year statute of limitations for fraud actions, including claims for fraudulent concealment." *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. Ct. App. 2008). A claim for negligent misrepresentation must be brought within two years of | Justifiable reliance necessary for both. *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010). *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). | Intent to induce reliance necessary for common law fraud. *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010). "Unlike common law fraud, negligent misrepresentation does | Common law fraud is proved by the preponderance of the evidence. *Browder v. Eicher*, 841 S.W.2d 500, 502 (Tex. App. Houston 14th Dist. 1992). | Exemplary damages may be recovered for fraud if every element if proved by clear and convincing evidence. Tex. Civ. Prac. & Rem. Code § 41.003(a). The measure of damages for fraudulent misrepresentation is the benefit of the bargain | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury." *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 849-50 (Tex. Ct. App. 2010) (internal citation omitted). | on the information; and (e) the plaintiff suffers damages proximately caused by the reliance." *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). | the alleged misrepresentation. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). | | not require knowledge of the falsity or reckless disregard of the truth or falsity of the representation at the time it was made." *Angle v. Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 105672, 3-4 (E.D. Tex. Sept. 19, 2011). | | rule, but for negligent misrepresentation the out-of-pocket damage rule applies. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998). | |
| **UTAH** | " (1) [t]hat a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it;  (8) and was thereby induced to act; (9) to his injury and damage." *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002). | (1) the plaintiffs reasonably relied on the defendant's representation, (2) the representation constitutes a "careless or negligent misrepresentation of a material fact," (3) the defendant "had a pecuniary interest in the transaction," (4) the defendant "was in a superior position to know the material facts," and (5) the defendant "should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation." *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986). | Three years. *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327 (Utah 1997). | Reasonable reliance necessary for both. *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986). *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002). | For common law fraud the representer must either have known that the information was wrong or reckless made a representation and made the representation for the purpose of inducing reliance. *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) (internal citations omitted). | "To prevail on a claim of fraudulent inducement, [a plaintiff] must present clear and convincing evidence…" *Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008). Same for negligence. *Jardine v. Brunswick Corp.*, 18 Utah 2d 378, 383 (Utah 1967). | A common law fraud claim may be enough to warrant punitive damages. *Galindo v. Asset Recovery Trust*, 2008 U.S. Dist. LEXIS 61495 (D. Utah Aug. 12, 2008). For fraud damages they are benefit of the bargain. *Brown v. Richards*, 840 P.2d 143, 151 (Utah Ct. App. 1992). For negligence misrepresentation they are out of pocket expenses. *SME Indus., Inc. v. Thompson, Ventulett,* | |

26

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | *Stainback & Assocs., Inc.*, 2001 UT 54, P40 (Utah 2001). | |
| **VIRGINIA** | "An action for fraud requires a showing that there was a false representation of a material fact, mad intentionally and knowingly with the intent to mislead, and relied upon by the party misled to his detriment." <br><br> *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000). <br><br> "Concealment of a material fact may constitute the element of misrepresentation." *Id.* | "While Virginia does not recognize a claim for negligent misrepresentation, it appears that AEI is asserting a claim for constructive fraud under Virginia law.The elements of constructive  fraud are identical to that of a claim for actual fraud, except for the intent element. For constructive fraud, a representation need only be made innocently or negligently, rather than intentionally and knowingly. <br><br> *Design & Prod. v. Am. Exhibitions, Inc.*, 2011 U.S. Dist. LEXIS 128370 (E.D. Va. Sept. 16, 2011). <br><br> "Constructive fraud requires that 'a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of reliance upon the misrepresentation.'" <br><br> *Poth v. Russey*, 281 F. Supp. 2d 814, 824 (E.D. | Two years after claim accrues. <br><br> Va. Code Ann. § 8.01-243. | Reasonable reliance is necessary. <br><br> *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000). | The elements of constructive fraud are identical to that of a claim for actual fraud, except for the intent element. For constructive fraud, a representation need only be made innocently or negligently, rather than intentionally and knowingly. <br><br> *Design & Prod. v. Am. Exhibitions, Inc.*, 2011 U.S. Dist. LEXIS 128370 (E.D. Va. Sept. 16, 2011). | "Fraud, whether actual or constructive, must be proved by clear and convincing evidence." <br><br> *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000). | Punitive damages for common law fraud are available after a showing of actual malice. <br><br> Actual malice has been defined as "ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another." <br><br> *Adkins v. Crown Auto, Inc.*, 488 F.3d 225, 234 (4th Cir. Va. 2007). <br><br> Generally, a person who acquired property by virtue of a commercial transaction and who has been defrauded by false representations is entitled to recover as damages the difference between the actual value of the property at the time the contract was made and the value that the property would have possessed had  the representation been | |

27

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | Va. 2003). | | | | | true.<br><br>*Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666-67 (1994). | |
| **WASHINGTON** | "To establish fraud, a litigant must show: (1) a representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) [the speaker's] intent that [the fact] should be acted upon by the person to whom it is made, (6) ignorance of [the fact's] falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) [the right of the person] to rely on it, and (9) [the person's] consequent damage."<br><br>*Cedell v. Farmers Ins. Co.*, 237 P.3d 309, 314-15 (Wash. Ct. App. 2010) (internal citation omitted). | To establish negligent misrepresentation, a plaintiff must show by clear, cogent, and convincing evidence that the defendant negligently supplied false information, the defendant knew, or should have known, would guide the plaintiff in making a business decision, and that the plaintiff justifiably relied on the false information.<br><br>*Ross v. Kirner*, 162 Wn.2d 493, 499 (Wash. 2007). | Three years after discovery.<br><br>Wash. Rev. Code Ann. § 4.16.080. | Justifiable reliance required for both.<br><br>*Ross v. Kirner*, 162 Wn.2d 493, 499 (Wash. 2007).<br><br>*Cedell v. Farmers Ins. Co.*, 237 P.3d 309, 314-15 (Wash. Ct. App. 2010). | Representer must have either know the falsity of the statement or was ignorant of its truth and made the statement to induce reliance for intentional misrepresentation.<br><br>*Cedell v. Farmers Ins. Co.*, 237 P.3d 309, 314-15 (Wash. Ct. App. 2010). | Each element of fraudulent concealment must be established by clear, cogent, and convincing evidence.<br><br>*Stieneke v. Russi*, 190 P.3d 60, 61 (Wash. Ct. App. 2008).<br><br>Preponderance for negligence.<br><br>*Enrico v. National Med. Staffing*, 1998 Wash. App. LEXIS 506 (Wash. Ct. App. Mar. 30, 1998). | Washington law does not provide for punitive damages because such damages are contrary to public policy.<br><br>*Barr v. Interlay Citizens Bank of Tampa*, 96 Wn.2d 692, 635 (1982).<br><br>Damages for both may be calculated by either the out of pocket loss rule or the benefit of the bargain rule at the discretion of the court.<br><br>*J & J Food Ctrs. v. Selig*, 76 Wn.2d 304, 310 (Wash. 1969). | |
| **WEST VIRGINIA** | "The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff | "[o]ne under a duty to give information to another, who makes an erroneous statement when he has no knowledge on the subject and thereby misleads the other to his injury, is as | Claims in tort for negligence, professional negligence, and misrepresentation are governed by a two-year statute of limitation.<br><br>*Trafalgar House Constr., Inc.* | Justifiable reliance needed for both.<br><br>*Ochala v. Dyncorp Int'l LLC*, 2009 U.S. Dist. LEXIS 109108 (S.D. W. Va. Nov. 23, 2009). | It is elementary doctrine that a false representation may be made scienter, so as to afford a right of action in damages, in contemplation of law, | Elements of fraud claim must be proved by clear and convincing evidence.<br><br>*Bowling v. Ansted Chrysler-Plymouth-* | A plaintiff who proves common-law fraud may recover punitive damages.<br><br>*Muzelak v. King Chevrolet*, 179 W. Va. | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Trafalgar House Constr., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 300 (W.Va. 2002). | much liable in law as if he had intentionally stated a falsehood." *Folio v. City of Clarksburg*, 221 W. Va. 397, 405 (W. Va. 2007). | *v. ZMM, Inc.*, 567 S.E.2d 294, 299 (W. Va. 2002). | | in any of the following ways: (1) with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; or (3) under circumstances in which the person making it ought to have known if he did not know of its falsity. *State v. Berkeley*, 41 W. Va. 455, 458 (W. Va. 1985). | *Dodge, Inc.*, 425 S.E.2d 144, 148 (W. Va. 1992). Preponderance for negligence. *Gariety v. Thornton*, 2006 U.S. Dist. LEXIS 31296 (S.D. W. Va. Apr. 3, 2006). | 340, 345 (W. Va. 1988). "The measure of damages is the difference between the value of the vehicle as warranted or represented and the value of the vehicle in its actual condition at the time of the transaction, plus incidental and consequential damages." *Horan v. Turnpike Ford*, 189 W. Va. 621, 628 (W. Va. 1993). | |
| **WISCONSIN** | Fraudulent or intentional misrepresentation involves the following elements: "(1) the defendant must have made a representation of fact to the plaintiff; (2) the representation of fact must be false; and (3) the plaintiff must have believed and relied on the misrepresentation to his detriment or damage . . . (4) the defendant must have made the misrepresentation with knowledge that it was false or recklessly without | "(1) a duty of care or a voluntary assumption of a duty on the part of the defendant; (2) a breach of the duty (which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts); (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Green Spring Farms v.* | Statute of limitations for an action based on fraud is six years. *John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 829 (Wis. 2007). | Justifiable reliance is necessary for both. *Forst v. Smithline Beecham Corp.*, 602 F. Supp. 2d 960, 971 (E.D. Wis. 2009). | For intentional misrepresentation the defendant must have made the misrepresentation with knowledge that it was false or recklessly without caring whether it was true or false; and with the intent to induce reliance. *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004). | Under common law regarding burdens of proof, "intentional fraud cases are subject to intermediate burden of 'clear, satisfactory, and convincing evidence.'" *Tri-Tech Corp. of Am. v. Americorp Servs., Inc.*, 646 N.W.2d 822, 827 (Wis. 2002). | Punitive damages are recoverable in actions based on fraud when the wrong was inflicted under "circumstances of aggravation, insult or cruelty, with vindictiveness or malice." *D. R. W. Corp. v. Cordes*, 65 Wis. 2d 303, 310 (Wis. 1974). The measure of damages for fraudulent | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | caring whether it was true or false; and (5) the defendant must have made the misrepresentation with intent to deceive and to induce the plaintiff to act on it to his detriment or damage." *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004). | *Kersten*, 136 Wis. 2d 304, 319 (Wis. 1987). | | | | | misrepresentation is the benefit of the bargain rule, but for negligent misrepresentation the out-of-pocket damage rule applies. *Smith v. Katz*, 226 Wis. 2d 798, 813 (Wis. 1999). | |
| **WYOMING** | "The elements of intentional misrepresentation or fraud are as follows: (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement." *Excel Constr., Inc. v. HKM* | "The elements of a negligent misrepresentation claim are: (1) false information supplied in the course of one's business for the guidance of others in their business; (2) failure to exercise reasonable care in relating the information; and (3) pecuniary loss resulting from justifiable reliance thereon." *Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.*, 907 P.2d 1293, 1299 (Wyo. 1995). | Four years. Wyo. Stat. Ann. § 1-3-105(a)(iv). | Justifiable reliance necessary for both. *Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.*, 907 F.2d 1293, 1299 (Wyo. 1995). *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | "In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement." Furthermore, plaintiff must have intended to induce reliance. *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | "Fraud must be proven by clear and convincing evidence, as opposed to by a preponderance of the evidence for negligent misrepresentation claims." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 43 (Wyo. 2010). | "To prove punitive damages, an insured must prove that the insurer acted with 'something more' than bad faith: his culpability must rise to the level of willful and wanton misconduct. An insurer must intentionally breach his duty of good faith and in addition must also be guilty of oppression, fraud or malice. Additionally, punitive damages are appropriate when there is an intent to do an act, or an intent to not do an act, in reckless disregard of the consequences, and under such circumstances and | |

| Jurisdiction | Intentional Misrepresentation Elements | Negligent Misrepresentation Elements | Statute of Limitations | Reliance/Justifiable Reliance/Causation | Scienter Requirement | Standard of Proof for Fraud Claims | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | *Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). | | | | | | conditions that a reasonable person would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another." *Harper v. Gulf Ins. Co.*, 2002 U.S. Dist. LEXIS 24492 (D. Wyo. Dec. 0, 2002). | |

31