# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JUDY KIRKBRIDE, PATRICA BERGER, LESTER HATFIELD, MELODY MACKERT and BEETA LEWIS, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-00022-ALM-EPD<br><br>Chief Judge Alegenon L. Marbley<br>Magistrate Judge Elizabeth Deavers |
| Plaintiffs, | |
| vs. | |
| THE KROGER CO., | |
| Defendant. | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

For the reasons set forth in the attached memorandum, Plaintiffs move, pursuant to Fed. R. Civ. P. 12(f), to strike from Defendant's Answer (Dkt. No. 44), Affirmative Defense Nos. 1-8 and 10, as well as footnote 2 purporting to reserve additional defenses.

Respectfully submitted,

Dated: July 27, 2022

/s/ Scott D. Simpkins
Scott D. Simpkins (0066775)
**CLIMACO WILCOX PECA & GAROFOLI CO., LPA**
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
sdsimp@climacolaw.com

Joshua D. Arisohn (admitted *pro hac vice*)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

E-Mail: jarisohn@bursor.com

Joel D. Smith (admitted *pro hac vice*)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This certifies that all counsel of record were served via the Electronic Case Filing ("ECF") System on July 27, 2022.

*/s/ Scott D. Simpkins*
Scott D. Simpkins (0066775)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JUDY KIRKBRIDE, PATRICA BERGER, LESTER HATFIELD, MELODY MACKERT and BEETA LEWIS, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-00022-ALM-EPD <br><br> Chief Judge Alegenon L. Marbley <br> Magistrate Judge Elizabeth Deavers |
| Plaintiffs, | |
| vs. | |
| THE KROGER CO., | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. Affirmative Defense Nos. 1-8 Are Insufficiently Pleaded ......................................... 1

    B. The Court Should Strike Affirmative Defense No. 10 and the Reservation In Footnote 2 With Prejudice ................................................................ 4

        1. Affirmative Defense No. 10 Is Inadequately Pleaded And Fails As A Matter Of Law ................................................................ 4

        2. The Reservation In Footnote 2 Is A "Legal Nullity" Under This Court's Decision In *Peters* and *Doe* ..................................... 5

III. CONCLUSION .................................................................................................................... 6

i

## TABLE OF AUTHORITIES

PAGE(S)

*Benecke-Kaliko AG v. SAI Admin. Claim & Creditor Tr.*,
  2010 WL 2926028 (N.D. Ohio July 23, 2010) .................................................................. 5

*Dana Corp. v. Blue Cross & Blue Shield Mut. Of N. Ohio*,
  1990 WL 264716 (N.D. Ohio Dec. 14, 1990) .................................................................. 5

*Doe by & through Doe v. Bd. of Educ. of Highland Loc. Sch. Dist.*,
  2017 WL 3588727 (S.D. Ohio Aug. 21, 2017) ......................................................... passim

*Edizer v. Muskingum Univ.*,
  2012 WL 4499030 (S.D. Ohio Sept. 28, 2012) ................................................................ 2

*HCRI TRS Acquirer, LLC v. Iwer*,
  708 F. Supp. 2d 687 (N.D. Ohio 2010) ........................................................................... 4

*Izett v. Crown Asset Mgmt., LLC*,
  2018 WL 6592442 (N.D. Cal. Dec. 14, 2018) ................................................................. 4

*Keefer v. Wiles, Boyle, Burkholder & Bringardner, Co., LPA*,
  2008 WL 4404295 (S.D. Ohio Sept. 23, 2008) ................................................................ 2

*Lucid Health, Inc. v. Premier Imaging Ventures, LLC*,
  2020 WL 4933919 (S.D. Ohio Aug. 24, 2020) ................................................................ 1

*National Union Fire Ins. Co. of Pittsburg, Pa. v. Alexander*,
  728 F.Supp. 192 (S.D .N.Y.1989) .................................................................................... 2

*Peters v. Credit Protection Ass'n*,
  2015 WL 1022031 (S.D. Ohio, Feb. 19, 2015) ............................................................ 5, 6

*Roberge v. Hannah Marine Corp.*,
  No. 96–1691, 1997 WL 468330 (6th Cir. Aug.13, 1997) ................................................ 4

*Wells v. Farmers Alliance Mut. Ins. Co.*,
  2009 WL 1259977 (E.D. Mo. May 4, 2009) .................................................................... 5

*Wilson v. Riley Contracting, Inc.*,
  2021 WL 1172244 (S.D. Ohio Mar. 29, 2021) ............................................................ 1, 4

I.     INTRODUCTION

On July 26, 2022, Defendant Kroger filed its Answer and Affirmative Defenses to the First Amended Class Action Complaint ("Answer"). (Dkt. No. 44). In its Answer, Defendant alleges ten affirmative defenses, and in a footnote, also purports to reserve the right to raise any additional defenses that it may discover later. *See* Answer at pp. 23-23. Plaintiffs ask the Court to strike Affirmative Defense Nos. 1-8, 10, as well as Defendant's reservation to assert other unspecified defenses, because they are inadequately pleaded, are not affirmative defenses at all, or are otherwise contrary to decisions of this Court.

This Court has repeatedly noted that despite the *general* rule that motions to strike are disfavored, they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, 2020 WL 4933919, at *4 (S.D. Ohio Aug. 24, 2020) (Marbley, J.). This Court also has granted numerous motions to strike affirmative defenses that were made on the same or similar grounds as this motion to strike. *See*, *e.g.*, *id.* (granting in part motion to strike affirmative defenses); *Doe by & through Doe v. Bd. of Educ. of Highland Loc. Sch. Dist.*, 2017 WL 3588727, at *5 (S.D. Ohio Aug. 21, 2017) (Marbley, J.) ("*Doe*") (same); *Wilson v. Riley Contracting, Inc.*, 2021 WL 1172244, at *4 (S.D. Ohio Mar. 29, 2021) (Marbley, J.) (granting in full motion to strike affirmative defenses). For the reasons set forth below, the same outcome is warranted here.

II.    ARGUMENT

A.    **Affirmative Defense Nos. 1-8 Are Insufficiently Pleaded**

"This Court has previously held that affirmative defenses must comport with the *Twombly/Iqbal* pleading standard to survive dismissal [or a motion to strike]" *Lucid Health*, 2020 WL 4933919, at *4 (citing *Doe*, 2017 WL 3588727 at *2). Thus, "[a defendant's]

1

affirmative defenses must meet the 'plausibility' pleading standards contained in *Twombly* and *Iqbal*." *Doe*, 2017 WL 3588727 at *2. "'A motion to strike affirmative defenses is decided on the basis of the pleadings alone.'" *Keefer v. Wiles, Boyle, Burkholder & Bringardner, Co., LPA*, 2008 WL 4404295, at *1 (S.D. Ohio Sept. 23, 2008) (Marbley, J.) (quoting *National Union Fire Ins. Co. of Pittsburg, Pa. v. Alexander,* 728 F.Supp. 192, 203 (S.D .N.Y.1989)).

In *Doe*, this Court struck numerous affirmative defenses that were bare assertions with no factual support. *Doe*, 2017 3588727, at *3-5. For instance, much like here, the defendant in *Doe* asserted that "'Plaintiff's claims are barred in whole, or in part, under the statute of limitations'"; "'Plaintiff's claims are barred in whole, or in part, by the doctrine of estoppel'"; "'Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands;'" and "'Plaintiff's claims are barred in whole, or in part, by the doctrines of laches.'" *Id.* at *3-4 (quoting affirmative defenses). In striking these and other affirmative defenses, the Court explained that they "contain[ed] no facts whatsoever, and therefore [did] not meet the plausibility standards laid out in *Twombly* and *Iqbal*." *Id.* at *3; *see also id.* at *4 (striking additional affirmative defenses "for failure to meet the *Twombly/Iqbal* plausibility standard"); *accord Edizer v. Muskingum Univ.*, 2012 WL 4499030, at *12 (S.D. Ohio Sept. 28, 2012) (Marbley, J.) (striking inadequately pleaded affirmative defense of estoppel).

Here, Defendant's Affirmative Defenses Nos. 1-8 are quoted in full below. The first four affirmative defenses are essentially the same as those that this Court held were insufficient in *Doe*, and the remaining affirmative defenses are equally lacking in factual support:

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the applicable statute of limitations.

2

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every cause of action alleged are barred, in whole or in part, for Plaintiffs' failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the "voluntary payment" doctrine to the extent that Plaintiffs continued purchasing prescriptions from Kroger after they knew or reasonably should have known of the alleged basis for their claims.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every cause of action are barred, in whole or in part, by the economic loss doctrine.

In short, the Court should strike each of the above Affirmative Defenses, consistent with the outcome in *Doe*.

      **B.**     **The Court Should Strike Affirmative Defense No. 10 and the Reservation In Footnote 2 With Prejudice**

The Court may strike an affirmative defense with prejudice if the defense fails as a matter of law, or if the matter alleged is not a true affirmative defense. *See*, *e.g.*, *Wilson*, 2021 WL 1172244, at *4 (striking defenses that were preempted or unpermitted in ERISA cases); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010)("the matter must be properly pleaded as an affirmative defense" to survive a motion to strike). This rule applies with respect to Affirmative Defense No. 10 and the purported reservation in footnote 2 of Defendant's Answer.

      **1.**     **Affirmative Defense No. 10 Is Inadequately Pleaded And Fails As A Matter Of Law**

Defendant's Affirmative Defense No. 10 states in full: "As a separate and distinct affirmative defense, Kroger alleges that the Complaint and every cause of action alleged are barred, in whole or in part, for Plaintiffs' failure to state any claims for which relief may be granted." Answer, p. 23. This boilerplate affirmative defense is inadequately pleaded, like the other affirmative defenses addressed in Section II.A above. But there are two other defects that support striking this defense with prejudice.

<u>First</u>, "[a]n affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.,* No. 96–1691, 1997 WL 468330, 3 (6th Cir. Aug.13, 1997). Thus, "there is ample authority for the ... proposition that [f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [a plaintiff's] prima facie case." *Izett v. Crown Asset Mgmt., LLC*, 2018 WL 6592442, at *2 (N.D. Cal. Dec. 14, 2018) (striking affirmative defense that the "allegations of the Complaint fail to state a claim against Defendants."). In *Doe*, although the Court did not address

4

the same affirmative defense alleged here, it struck several affirmative defenses that were not true defenses, but instead were challenges to the "Plaintiff's prima facie case." *See Doe*, 2017 WL 3588727, at *4 (*citing*, *.e.g.*, *Dana Corp. v. Blue Cross & Blue Shield Mut. Of N. Ohio*, 1990 WL 264716 at *9 (N.D. Ohio Dec. 14, 1990). The same reasoning supports striking Affirmative Defense No. 10 here.

Second, Affirmative Defense No. 10 fails as a matter of law because this Court already denied Defendants Rule 12(b)(6) motion and there is no new basis offered in Defendant's Answer. Thus, "this defense has outlived any usefulness." *Benecke-Kaliko AG v. SAI Admin. Claim & Creditor Tr.*, 2010 WL 2926028, at *2 (N.D. Ohio July 23, 2010) (striking affirmative defense that the plaintiff "has failed to state a claim upon which relief may be granted" because defendant's motion to dismiss had already been denied).

        **2.     The Reservation In Footnote 2 Is A "Legal Nullity" Under This Court's Decision In *Peters* and *Doe***

In *Peters v. Credit Protection Ass'n*, 2015 WL 1022031, at *1 (S.D. Ohio, Feb. 19, 2015) (Marbley, J.), this Court granted a motion to strike an affirmative defense that stated that "additional affirmative defenses may exist," and that the defendant "respectfully reserves the right to amend its Affirmative Defenses to address those potential defenses." (Quoting from Answer). In granting the motion, the Court explained, "[t]his Court finds that such a practice is not only improper because it does not meet the *Iqbal/Twombly* pleading standard, but also is improper because reserving the right to an affirmative defense is a legal nullity." *Id.* at *4. "'[D]efendants seeking to add affirmative defenses must comply with the procedure established under Fed. R. Civ. P. 15, and cannot avoid those requirements by a reservation statement.'" *Id.* (quoting *Wells v. Farmers Alliance Mut. Ins. Co.*, 2009 WL 1259977, at *7 (E.D. Mo. May 4, 2009). This Court later cited and followed *Peters* when striking a similar affirmative defense in *Doe*, which stated, "'Defendants reserve the right to assert defenses, affirmative or otherwise, not

5

specifically asserted herein.'" *Doe*, 2017 WL 3588727, at *4 (quoting from defendant's Answer).

Here, footnote 2 of Defendant's Answer states: "Kroger reserves the right to raise any additional defenses not asserted in this Answer of which it may become aware through discovery or other investigation, after Plaintiffs have determined the definition of the putative class." This reservation is in substance, no different from the reservations that the Court struck in *Peters* and *Doe*.

### III.   CONCLUSION

For the foregoing reasons, the Court should strike Affirmative Defense Nos. 1-8, 10 and footnote 2 to Defendant's Answer.

Respectfully submitted,

DATED: July 27, 2022

*/s/ Scott D. Simpkins*
Scott D. Simpkins (0066775)
**CLIMACO WILCOX PECA & GAROFOLI CO., LPA**
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
sdsimp@climacolaw.com

Joshua D. Arisohn (admitted *pro hac vice*)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jarisohn@bursor.com

Joel D. Smith (admitted *pro hac vice*)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jsmith@bursor.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This certifies that all counsel of record were served via the Electronic Case Filing ("ECF") System on July 27, 2022.

<i>/s/ Scott D. Simpkins</i><br>
Scott D. Simpkins (0066775)