IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JUDY KIRKBRIDE,** *et al.,* | : |
| | : |
| **Plaintiffs,** | : Case No. 2:21-cv-00022 |
| | : |
| v. | : **Chief Judge Algenon L. Marbley** |
| | : |
| **THE KROGER CO.,** | : **Magistrate Judge Elizabeth P. Deavers** |
| | : |
| **Defendant.** | : |

**OPINION & ORDER**

This matter comes before the Court on Plaintiffs' Renewed Motion to Strike Defendant's Affirmative Defenses. (ECF No. 57). Although the original Motion to Strike (ECF No. 45) targeted Defendant's since-amended Answer (ECF No. 44), the Renewed Motion incorporates all the arguments made in the original on the basis that the affirmative defenses remain unchanged in Defendant's Amended Answer (ECF No. 55). For the reasons set forth below, this Court **GRANTS** Plaintiffs' Renewed Motion. (ECF No. 57).

**I.  BACKGROUND**

This Court discussed the background of this case in a previous Order (ECF No. 42) addressing Defendant's Motion to Dismiss (ECF No. 32) and Motion to Strike Class Allegations (ECF No. 35). This Court here restates the necessary portions of the background provided in that Order.

Named Plaintiffs, residents of Ohio and Texas, bring this case on behalf of a putative class "defined as all persons in the United States who paid for, in full or in part, a prescription generic drug that Kroger included in its Rx Savings Club, and who were insured for the purchase through

a third-party payor." (ECF No. 30 ¶ 28). Plaintiffs also define subclasses in Ohio and Texas, with otherwise identical parameters to the nationwide class. (*Id.* ¶¶ 29–30). As alleged, Defendant Kroger harmed Plaintiffs and the class through "a fraudulent and deceptive pricing scheme to overcharge customers with third-party insurance providers . . . on purchases of generic prescription medication." (*Id.* ¶ 1). Plaintiffs seek recovery under theories of fraud, unjust enrichment, and negligent misrepresentation.

On January 5, 2021, Plaintiff Judy Kirkbride filed her original Complaint in this Court. (ECF No. 1). On April 29, 2021, Plaintiff—joined by new Plaintiffs Patricia Berger, Lester Hatfield, Melody Mackert, and Beeta Lewis—filed an Amended Complaint. (ECF No. 30). The Amended Complaint remains the operative Complaint in this matter. Defendant filed its Answer (ECF No. 44) on July 26, 2022. Defendant's Answer was filed shortly after this Court's Order (ECF No. 42) denying Defendant's Motion to Dismiss (ECF No. 32).

Defendant's Answer contains the following affirmative defenses in response to Plaintiffs' Amended Complaint:

1. First Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the applicable statute of limitations.

2. Second Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the equitable doctrine of estoppel.

3. Third Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the equitable doctrine of laches.

4. Fourth Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the equitable doctrine of unclean hands.

5. Fifth Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the doctrine of waiver.

6. Sixth Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every cause of action alleged are barred, in whole or in part, for Plaintiffs' failure to mitigate damages.

7. Seventh Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every alleged cause of action are barred, in whole or in part, by the "voluntary payment" doctrine to the extent that Plaintiffs continued purchasing prescriptions from Kroger after they knew or reasonably should have known of the alleged basis for their claims.

8. Eighth Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and each and every cause of action are barred, in whole or in part, by the economic loss doctrine.

9. Ninth Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that certain of the individuals who are named Plaintiffs and, upon information

and belief, many putative class members, took tax deductions for medical expenses incurred, including prescription purchases . . . [t]hus, for any individually named plaintiff and, if a class is certified, any individual putative class member, who took deductions for medical expenses, the person's damages, if any, should be reduced by the tax benefit received from having taken greater tax deductions as a result of Kroger charging the person more for certain generic prescriptions than Plaintiffs claim Kroger should have charged.

10. Tenth Affirmative Defense: As a separate and distinct affirmative defense, Kroger alleges that the Complaint and every cause of action alleged are barred, in whole or in part, for Plaintiffs' failure to state any claims for which relief may be granted.

(ECF No. 44 at 21–23).

Although it is not an enumerated affirmative defense, a footnote ("Footnote 2") included in Defendant's Answer asserts that "Kroger reserves the right to raise any additional defenses not asserted in this Answer of which it may become aware through discovery or other investigation, after Plaintiffs have determined the definition of the putative class." (*Id*. at 21 n.2).

On June 27, 2022, Plaintiffs filed their original Motion to Strike Defendant's Affirmative Defenses. (ECF No. 45). Specifically, the Motion requested an Order from this Court striking from Defendant's Answer Affirmative Defenses Nos. 1–8 and 10, as well as Footnote 2. (*Id*. at 1).

On January 23, 2023, Defendant filed an Amended Answer. (ECF No. 55). The Amended Answer contains the same affirmative defenses (and footnotes) as the original Answer. Consequently, Plaintiffs filed their Renewed Motion to Strike Defendant's Affirmative Defenses on the following day. (ECF No. 57). The Renewed Motion "renews the [original] Motion to Strike

4

as to the affirmative defenses alleged in [the] Amended Complaint" and incorporates the same arguments. (*Id*. at 1). Defendant's response in opposition (ECF No. 58) to the Renewed Motion similarly incorporates the same arguments that it made in its original response (ECF No. 48) to Plaintiffs' original Motion to Strike (ECF No. 45).

Because both the Renewed Motion and Defendant's response in opposition merely incorporate the arguments contained in the original versions of each document, this Court will cite to the original documents in its analysis.

Plaintiffs' Renewed Motion is ripe for this Court's review.

## II.  STANDARD OF REVIEW

This Court, upon motion or on its own, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court's decision whether to grant or deny a motion to strike is reviewed under an abuse of discretion standard. *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

As noted by the Sixth Circuit, "[m]otions to strike are with disfavor and are not frequently granted." *Id*. The motions should be therefore granted only if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Id*. If the insufficiency of the defense is not "clearly apparent" or if it implicates factual issues that should be determined by a hearing on the merits, a court should deny the motion to strike. *Kit Check, Inc. v. Health Care Logisitics, Inc*., No. 2:17-CV-01041, 2018 WL 2971104, at *1 (S.D. Ohio June 13, 2018) (quoting *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at *1 (S.D. Ohio July 26, 2013)).

5

Under the *Twombly*[1]/*Iqbal*[2] standard, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Sixth Circuit has acknowledged that it has yet to address whether the *Twombly*/*Iqbal* heightened pleading standard applies to affirmative defenses. *Depositors Ins. Co. v. Est. of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016). In the absence of guidance from the Sixth Circuit, this Court has held that affirmative defenses must comport with the *Twombly*/*Iqbal* pleading standard to survive dismissal. *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-01055, 2020 WL 4933919, at *4 (S.D. Ohio Aug. 24, 2020) (citing *Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, 2017 WL 3588727, at *2 (S.D. Ohio Aug. 21, 2017)).

### III. LAW AND ANALYSIS

Plaintiffs' Renewed Motion requests an Order from this Court striking from Defendant's Amended Answer Affirmative Defenses Nos. 1–8 and 10, as well as Footnote 2. (ECF No. 57 at 1). This Court provides analysis below.

#### A. Defendant's First Eight Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs move to strike Defendant's

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

6

first eight affirmative defenses all for the same reason—they "[are] bare assertions with no factual support." (ECF No. 45 at 2). Plaintiffs reason that Defendant's first four affirmative defenses are glaringly similar to those held by this Court to be insufficient in *Doe*, 2017 WL 3588727, and should dismissed on that basis. With respect to Defendant's Affirmative Defenses Nos. 5–8, Plaintiffs argue that the defenses are equally lacking in factual support.

Defendant responds that the arguments contained in Plaintiffs' Renewed Motion presume that the heightened pleading standards of *Twombly*/*Iqbal* apply to affirmative defenses. Defendant asserts that there is no binding precedent holding that the heightened standards apply to affirmative defenses. Further, Defendant represents, district courts in this circuit (and, more narrowly, within this district) are split on the issue. Defendant contends that all Federal Rule of Civil Procedure 8 requires is that Defendant provide Plaintiffs with fair notice of the general nature of the affirmative defenses. Even if it would be otherwise appropriate to grant Plaintiffs' Renewed Motion, Defendant argues, Plaintiffs fail to allege that they would suffer any prejudice from Defendant's assertion of the affirmative defenses. If this Court strikes Defendant's affirmative defenses, Defendant requests that the Court strike them without prejudice.

In the absence of guidance from the Sixth Circuit, this Court has held that a Defendant's affirmative defenses must meet the "plausibility" pleading standards contained in *Twombly* and *Iqbal*. *Doe*, 2017 WL 3588727, at *2. As a fellow court in this district has acknowledged, "[w]hat matters is whether the 'challenged affirmative defense contains sufficient information of the nature and legal bases on which [Defendant] intends to rely.'" *Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-CV-566, 2022 WL 2915586, at *9 (S.D. Ohio July 25, 2022).

In *Doe*, this Court struck several of the defendant's affirmative defenses because they failed to set forth the factual allegations necessary to meet the plausibility standards of *Twombly/Iqbal*. 2017 WL 3588727, at *3. Specifically, this Court found that the affirmative defenses "contain[ed] no facts whatsoever," preventing the Court from inferring plausibly the existence of a legitimate defense. *Id*. The defenses that were stricken included the following: "Plaintiff's claims are barred in whole, or in part, under the statute of limitations," "Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands," and "Plaintiff's claims are barred in whole, or in part, by the doctrine of estoppel." *Id*.

### 1.  *Defendant's Affirmative Defenses Nos. 1–6 and 8*

Defendant's Affirmative Defenses Nos. 1–4 contain language identical to the affirmative defenses stricken by this Court in *Doe*; further, both sets of affirmative defenses contain the same absence of factual allegations. *See id*. This Court is unable to find here that "the insufficiency of the defense[s] is clearly apparent" or that the defenses fail to "implicate[] factual issues that should be determined by a hearing on the merits." *Kit Check, Inc.*, 2018 WL 2971104, at *1. This is not because the affirmative defenses are sufficient. Instead, it is because "[Defendant] did not develop the defenses such that the Court can evaluate their plausibility . . . ." *Doe*, 2017 WL 3588727, at *4. In other words, Defendant's Affirmative Defenses Nos. 1–4 "are . . . legal conclusions with no factual basis." *Id*. This Court thus cannot yet find dismissal *with* prejudice to be appropriate. This Court does find, however, that the affirmative defenses are nonetheless insufficient as they presently stand. For that reason, Affirmative Defenses Nos. 1–4 are stricken without prejudice.

Defendant's Affirmative Defenses Nos. 5, 6, and 8 respectively raise the defenses of waiver, failure to mitigate damages, and economic loss doctrine. Although the defendant in *Doe*

did not raise those defenses, this Court's rationale in *Doe* counsels in favor of dismissing Affirmative Defenses Nos. 5, 6, and 8 for the same reasons as Affirmative Defenses Nos. 1–4. Specifically, as in *Doe*, this subset of affirmative defenses is wholly lacking in factual support, saving only legal conclusions for Plaintiffs to rebut. *Id*. Like the earlier subset, Affirmative Defenses Nos. 5, 6, and 8 provide no insight into the theories that Defendant will employ in establishing them. These affirmative defenses are thus too underdeveloped for this Court to evaluate their sufficiency on the merits. For this reason, Affirmative Defenses Nos. 5, 6, and 8 are stricken without prejudice.

*2. Affirmative Defense No. 7*

Unlike Affirmative Defenses Nos. 1–6 and 8, Affirmative Defense No. 7 contains Defendant's legal theory upon which the defense is based. In Affirmative Defense No. 7, Defendant states that it plans to invoke "the 'voluntary payment' doctrine to the extent that Plaintiffs continued purchasing prescriptions from Kroger after they knew or reasonably should have known of the alleged basis for their claims." (ECF No. 55 at 22). This affirmative defense acknowledges that it will apply only "to the extent" that the facts developed in the case show that Plaintiffs continued purchasing prescriptions after their claims arose.

Affirmative Defense No. 7 is nonetheless due dismissal. Although the affirmative defense details Defendant's legal theory, it lacks any factual allegations allowing Plaintiffs meaningfully to rebut the defense. This Court is therefore yet again left without the ability to evaluate this defense on the merits. *See Kit Check, Inc.*, 2018 WL 2971104, at *1.

Defendant reasons that the lack of factual development thus far in this case is to blame for the paucity of facts contained in its affirmative defenses. (ECF No. 48 at 4, 6). As a fellow court

9

in this circuit found in striking a similar "to the extent"-based affirmative defense, however, "any later defenses needing to incorporate facts can state such facts within the respective defense." *Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, 599 F. Supp. 3d 561, 572 (E.D. Mich. 2022). The following passage provides even more concrete guidance to Defendant:

> [I]f a defendant has plausible facts to raise a defense at the responsive pleading stage, it must plead them. If a defendant does not have plausible facts to raise an affirmative defense at the responsive pleading stage, but through discovery obtains sufficient facts to raise a plausible affirmative defense, it must request leave to amend under Rule 15(a)(1).

*Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-0767, 2015 WL 1022031, at *5 (S.D. Ohio Feb. 19, 2015).

Because Defendant retains the ability to move to amend its Amended Answer under Federal Rule of Civil Procedure 15, it is not left without recourse. *See* Fed. R. Civ. P. 15; *Taylor v. City of Saginaw*, No. 17-CV-11067, 2020 WL 376453, at *7 (E.D. Mich. Jan. 23, 2020). For these reasons, Affirmative Defense No. 7 is stricken without prejudice.

### B. Defendant's Affirmative Defense No. 10 and Footnote 2

In Defendant's response to Plaintiffs' Renewed Motion, Defendant represents that it will no longer rely upon its defenses in Affirmative Defense No. 10 and Footnote 2. (ECF No. 58 at 1 n.1). Accordingly, this Court grants Plaintiffs' Renewed Motion to Strike as to those affirmative defenses. Affirmative Defense No. 10 and the affirmative defense stated in Footnote 2 are stricken with prejudice.

### IV. CONCLUSION

Given the foregoing analysis, Plaintiffs' Renewed Motion to Strike (ECF No. 57) is **GRANTED**. Defendant's Affirmative Defenses Nos. 1–8 are **STRICKEN WITHOUT**

**PREJUDICE**, while Defendant's Affirmative Defense No. 10 and Footnote 2 are **STRICKEN WITH PREJUDICE**.

      **IT IS SO ORDERED.**

                                                 **ALGENON L. MARBLEY**
                                                 **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** September 5, 2023