**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JUDY KIRKBRIDE and BEETA LEWIS,** individually and on behalf of all others similarly situated, | : <br> : <br> : <br> : <br> **: Case No. 2:21-cv-00022** |
| **Plaintiffs,** | : |
| | : **Judge Algenon L. Marbley** |
| v. | : **Magistrate Judge Courter S. Shimeall** |
| | : |
| **THE KROGER CO.,** | : |
| | : |
| **Defendant.** | : |

**AMENDED OPINION & ORDER[1]**

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement. (ECF No. 157). It is this Court's role to scrutinize the proposed settlement to determine if it is fair, reasonable, and adequate. As such, this Court held a preliminary approval hearing on June 8, 2026, to discuss the merits of the preliminary settlement agreement. For the following reasons, the Court **GRANTS** the Motion for Preliminary Settlement Approval.

## I. BACKGROUND

The factual background of this case is set forth at length in this Court's April 9, 2025, Opinion & Order granting class certification. (*See* ECF No. 153). Relevant here, is Kroger's Rx Savings Club ("Savings Club"), a membership club pharmacy program that offers customers who pay an annual membership fee lower prices on prescription drugs. On January 5, 2021, Plaintiff

---

[1] This initial Opinion & Order ("Preliminary Approval Order") (ECF No. 164) contained conflicting timelines regarding the Objection Deadline for Class Members. This Amended Opinion & Order reflects the correct deadline requiring a Class Member to object within 120 days of the Preliminary Approval Order. Additionally, the Termination Deadline has been corrected to reflect the correct date, which is December 21, 2026, 60 days after Opt-Out Deadline. All deadlines herein are based on the initial filing date of the Preliminary Approval Order, June 24, 2026.

1

Judy Kirkbride, filed this case on behalf of a putative class "defined as all persons in the United States who paid for, in full or in part, a prescription generic drug that Kroger included in its Rx Savings Club, and who were insured for the purchase through a third-party payor." (ECF No. 30 ¶ 28). As alleged, Defendant Kroger harmed Plaintiffs and the class through "a fraudulent and deceptive pricing scheme to overcharge customers with third-party insurance providers . . . on purchases of generic prescription medication." (*Id.* ¶ 1). Plaintiffs' central allegation is that Defendant improperly reported its usual and customary ("U&C") prices for prescription medications for insured transactions, resulting in insured Plaintiffs paying more for prescription medications than they should have. (*Id.* ¶¶ 1-2). Plaintiffs further allege that Kroger should have reported its discounted Rx Savings Club prices as its U&C prices for insured transactions instead of its higher "retail" prices. (*Id.* ¶¶ 1-2, 4, 8, 24-25.).  Plaintiffs sought recovery under theories of fraud, unjust enrichment, and negligent misrepresentation.

On July 12, 2023, this Court denied Kroger's motion to dismiss for failure to state a claim, finding that: (1) the Plaintiffs had pleaded Kroger's misrepresentations sufficiently; (2) Plaintiffs' fraud claims are viable under an omission theory; and (3) Plaintiffs' fraud, unjust enrichment, and negligent misrepresentation claims may proceed as pled. (ECF No 42). Subsequently, the parties engaged in extensive fact and expert discovery. On April 2, 2024, the Plaintiffs filed their motion for class certification. (ECF No. 76), which was granted by this Court on April 9, 2025. (ECF No. 153). Then, Kroger filed a petition for permission to appeal this Court's grant of class certification with the Sixth Circuit. *See Kirkbride et al. v. The Kroger Co.*, No. 25-0302 (6th Cir. Apr. 11, 2025). On April 21, 2025, Plaintiffs filed an opposition to Defendant's petition. The Sixth Circuit has not ruled on the petition. On May 22, 2025, the Parties filed a joint motion to hold the case in abeyance pending mediation, which the Sixth Circuit granted. Then, on August 21, 2025, the

parties attended an in-person mediation and engaged in additional negotiations for several months thereafter, which resulted in the parties agreeing to settle the action pursuant to the terms set forth in the proposed Settlement Agreement. (ECF No. 157 at 5).

On March 12, 2026, Plaintiffs filed the Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement. (ECF No. 157). On March 30, 2026, the Sixth Circuit granted the parties joint motion to hold the matter in abeyance pending this Court's final approval of the parties' settlement agreement. The Court analyzes the proposed Preliminary Settlement Agreement below.

## II.  MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

### A.  Rule 23(3)

Pursuant to Rule 23(e), the claims of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. Fed. R. Civ. P. 23(e). "[A] district court's review is usually a two-step process, with the first step to hold a preliminary fairness hearing, prior to notifying the class members about the proposed settlement.… If the district court finds that the proposed class action settlement is within the range of possible approval, the Court should grant 'preliminary approval' and authorize the parties to notify the class members about the settlement." *Machesney v. Lar-Bev of Howell, Inc.*, 2017 WL 2437207, at *4 (E.D. Mich. June 6, 2017); *see also* Manual for Complex Litigation §§ 21.632–21.633 (4th ed.).

### B.  Overview of Settlement Terms

The Settlement Agreement seeks to resolve all claims in this suit. Pursuant to the Agreement, the "Settlement Class" is defined as: "[a]ll individuals in the United States and its territories who, at any point in time during the Settlement Class Period, paid in whole or in part

3

for one or more prescription drugs from Kroger using their insurance."[2] (ECF No. 157 at 5). Further, the "Settlement Class Period" is defined as December 9, 2018, through the date on which Class Notice is disseminated. *Id.* at 6.

Under the Agreement, Defendants are obligated to pay Settlement Class Members via a non-reversionary, all-cash common fund ("the Settlement Fund") in the amount of $17,000,000. (*Id.*). The Settlement Class Members will receive the full Settlement Amount, plus interest, after deduction of any Attorneys' Fees and Expenses, any Service Awards, Notice and Administration Expenses, Taxes, Tax Expenses, Escrow Fees, and other Court approved deductions. To receive a payment, Settlement Class Members must submit a claim form by the claims deadline, in accordance with a Court-approved Plan of Allocation and Distribution. (*Id.* at 6, 8). The Agreement also provides that Defendant and each of "Defendant's Released Persons" will receive a full release of all claims arising out of or related to the conduct challenged in the action, including any claims relating to reporting of U&C prices for pharmaceuticals, with certain exceptions pertaining to enforcement of the Settlement Agreement and other agreements between the Parties. (*Id.* at 6).

A Settlement Class Member wishing to opt out must do so within 120 days of the Preliminary Approval Order and a Class Member wishing to object to the Settlement must also do so within 120 days. (*Id.* at 9). Defendant has also agreed that upon final approval of the Settlement,

---

[2] The Settlement Agreement Settlement Class definition excludes: "(1) any Judge presiding over any portion of the Action and immediate family members of any such Judge, and any such Judge's staff; (2) officers and directors of Kroger and its related entities; (3) any individuals who timely and validly opt out; (4) legal representatives, successors and assigns of any opt outs; and (5) all individuals that have sued (other than through this Action), filed an arbitration demand, or participated in a settlement in a suit against Kroger regarding its U&C pricing determinations in connection with the Savings Club (this exclusion does not apply to individuals that have voluntarily dismissed their claims without prejudice)." (*See* ECF No. 157 at 5 n.4).

the Settlement Fund may be used to pay Class Counsel's Attorneys' Fees and Expenses approved by the Court. (*Id.* at 10). Class Counsel will petition the Court for attorneys' fees of one-third of the Settlement Fund, in addition to out-of-pocket costs and expenses in connection with prosecuting the Action, not to exceed $610,325.71, plus interest (if any). *Id.* Class Counsel additionally seeks approval of a Service Award to Plaintiffs for $5,000, to be paid separately from the Settlement Fund. (*Id.*).

### C.  Fairness, Reasonableness, and Adequacy

Before approving a settlement agreement, the Court must determine whether the settlement is "fair, adequate, and reasonable, as well as consistent with the public interest." *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990). In determining whether the proposed settlement is fair, reasonable and adequate, the Court considers several factors:

(1) the risk of fraud or collusion;

(2) the complexity, expense and likely duration of the litigation;

(3) the amount of discovery engaged in by the parties;

(4) the likelihood of success on the merits;

(5) the opinions of class counsel and class representatives;

(6) the reaction of absent class members; and

(7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

In reviewing a proposed class action settlement agreement, the district court has "'wide discretion in assessing the weight and applicability' of the relevant factors." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013) (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992)). Further, at the preliminary approval stage, "the Court need

not make a determination as to every factor, but rather should grant preliminary approval of a settlement if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval.'" *Ostendorf v. Grange Indem. Ins. Co.*, 2020 WL 5366380, at *2 (S.D. Ohio Sept. 8, 2020) (citing *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1015 (S.D. Ohio 2001)).

Here, this Court finds that the Parties have demonstrated the proposed Settlement Agreement is fair, reasonable, and adequate. The parties have been actively engaged in this litigation for five years. The proposed Agreement comes before this Court following full-day, in-person settlement negotiations led by an independent mediator. (ECF No. 157 at 13). Accordingly, this Court has no reason to suspect collusion. The Proposed Settlement Agreement also treats all class members equally and distributes a pro rata share of the Net Settlement Fund based on their total out-of-pocket expenditure for prescription medications at Kroger during the Settlement Class Period for which an insurance benefit was used. (*Id.* at 12).

As for attorneys' fees, this Court questioned the parties as to whether the requested one-third of the Settlement Fund was excessive. The parties reasoned that an award of one-third of the Settlement Fund was typical in the Sixth Circuit when using the percentage-of-the-fund method. (*Id.* at 15). Additionally, the parties represented that Plaintiffs will separately move for approval of an award of Attorneys' Fees and Expenses and Service Awards before the Opt-Out Deadline and Objection Deadline. As such, this Court finds that the parties' current fee award request is within the realm of approval but will be further evaluated once the Plaintiffs submit additional briefing. *See Macaluso v. Zirtual Startups, LLC*, 2021 WL 3639665, at *4 (S.D. Ohio Aug. 17, 2021) (Marbley, J.) ("When using the percentage-of-the-fund method, courts in this Circuit

6

generally approve of awards that are one-third of the total settlement."); *Cf. Dry Max Pampers. See* 724 F.3d at 717 (rejecting $2.73 million attorney fee award where the class itself received no cash whatsoever); *see also Emps. Ret. Sys. of City of St. Louis v. Jones*, 2024 WL 659984, at *7 (6th Cir. Feb. 16, 2024) (holding the district court did not abuse its discretion by awarding attorneys' fees equal to 20% of the settlement award). This Court favors an award in the range of 25% to 33%, given the amount of work involved in bringing this case to settlement, the skill and experience of counsel, and the guidance provided by the Sixth Circuit establishing acceptable ranges for attorneys' fee awards.

The Court also gives weight to the judgment of experienced counsel that the settlement is in the best interests of the class. *See Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012). In sum, this Court finds that the proposal appears to fall within the range of possible approval. *See Meyers v. Dtna Trucks N. Am., LLC*, 2014 WL 12531121, at *9 (W.D. Tenn. Oct. 8, 2014) (granting preliminary approval where the proposal had no obvious deficiencies, resulted from arm's length negotiations, and there was no preferential treatment for the class representative or any segment of the proposed class).

### D. Class Certification

Next, the Court evaluates whether it is likely to approve class certification. Pursuant to Rule 23: "If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." Fed. R. Civ. P. 23.

Here, the Settlement Class is now broader than the certified litigation classes because it is nationwide, encapsulates all pharmacy benefit managers, and includes both brand and generic drugs. (ECF No. 157 at 17). Thus, the Settlement Class is more numerous than the previously

certified class, yet shares the same common question, class representatives, and class counsel. (*Id.* at 17–18). Rule 23(a)(1) requires that the "class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23. Given the Class has grown, this Court finds the expansion of the class only further satisfies the numerosity requirement. Additionally, as to any concerns regarding manageability or predominance due to the nationwide class implicating various state laws, the Parties contend that the proposed Agreement mitigates such concerns by streamlining the process and getting rid of such issues that may arise if this action were to be litigated further. (*See* ECF No. 157 at 18). For these reasons, the Court finds it is likely to approve class certification at the final approval stage.

### E. Appointment of Class Counsel

Finally, this Court finds that the attorneys at Bursor & Fisher, P.A., Smith Krivoshey P.C., and Arisohn LLC should be appointed as class counsel under Fed. R. Civ. P. 23(g), given that counsel have demonstrated they diligently investigated and litigated Plaintiffs' claims, are experienced with similar class action litigation, and have been appointed class counsel in many class actions.

### III. CONCLUSION

WHEREAS, the Court has considered the Class Action Settlement Agreement between Plaintiffs, Class Counsel, and Kroger, including the exhibits, dated March 12, 2026 ("Settlement Agreement")[3], which sets forth the terms and conditions for a proposed Settlement[4] of the Action,

---

[3]  The Settlement Agreement is attached as Exhibit 1 to the Declaration of Joseph I. Marchese in Support of Plaintiffs' Unopposed Motion for Preliminary Approval ("Marchese Declaration").

[4] Unless otherwise defined, capitalized terms shall be those defined in the Settlement Agreement.

*Kirkbride et al. v. The Kroger Co.*, No. 2:21-cv-00022 (S.D. Ohio), and the termination and dismissal with prejudice of all causes of action against Defendant in the Action;

WHEREAS, the Court has considered Plaintiffs' Unopposed Motion for Preliminary Approval, requesting an Order: (1) Granting Preliminary Approval of the Settlement Agreement; (2) Preliminarily Certifying a Settlement Class; (3) Preliminarily Appointing Class Representatives; (4) Preliminarily Appointing Class Counsel; (5) Appointing a Settlement Administrator and Escrow Agent; (6) Approving the Form and Manner of Notice to the Settlement Class; (7) Preliminarily Approving the Plan of Allocation and Distribution; and (8) Scheduling a Fairness Hearing, the memorandum of law and exhibits filed in support thereof, and all other papers submitted in connection with the Settlement Agreement and the motion for preliminary approval;

WHEREAS, the Court held a hearing on June 8, 2026, at which the Court heard argument on whether the Settlement Agreement should be preliminarily approved;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (ECF No. 157) is **GRANTED.**

**IT IS HEREBY ORDERED AND DECREED** as follows:

1.      The Court preliminarily approves the Settlement Agreement.  The Court has considered and determined that the Settlement Agreement preliminarily satisfies the class action settlement requirements of Rule 23 of the Federal Rules of Civil Procedure and is "a 'fair, reasonable, and adequate' disposition of the case" in order to "preliminarily approve[] the agreement." *Thomas v. Mitsubishi Elec. Auto. Am., Inc.*, No. 1:24-cv-422, 2025 U.S. Dist. LEXIS 206121, at *13 (S.D. Ohio Oct. 20, 2025).  Based on its consideration, the Court also preliminarily

9

approves the Settlement Agreement for class action settlement purposes, including specifically the

Plan of Allocation and Distribution attached as Exhibit A to the Settlement Agreement, as within

the range of a fair, reasonable, and adequate settlement within the meaning of Rule 23 and

applicable law, and consistent with due process.  The Court further finds that the Settlement

Agreement substantially fulfills the purposes and objectives of the class action and provides

substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with

continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a)

is the result of arm's-length negotiations between experienced class action attorneys; (b) is

sufficient to warrant notice of the Settlement and the Fairness Hearing to be disseminated to the

Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil

Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

2.    The Court has subject matter and personal jurisdiction over Plaintiffs, all members

of the Settlement Class preliminarily certified below, and Defendant.

**Preliminary Certification of the Settlement Class**

3.    Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and

based on the record before the Court, the Court preliminarily certifies, for the purposes of

settlement only, the following Settlement Class as defined in the Settlement Agreement:

> All individuals in the United States and its territories who, at any
> point in time during the Settlement Class Period, paid in whole or in
> part for one or more prescription drugs from Kroger using their
> insurance.

Notwithstanding the above, the following individuals are excluded from the Settlement

Class:

> (1) any Judge presiding over any portion of this Action, including appeals, and
> immediate members of the Judges' families, and any members of the Judges'
> respective staffs (but not members of the immediate families of judicial staff);

10

(2) officers and directors of Kroger, its subsidiaries, parent companies, successors, predecessors, affiliates, and any entity in which Kroger has a controlling interest; (3) individuals who timely and validly request exclusion from the Settlement Class; (4) the legal representatives, successors, or assigns of any such excluded individuals; and (5) all individuals that have sued (other than through this Action), filed an arbitration demand, or participated in a settlement in a suit against Kroger relating to its determination of usual and customary prices in connection with the Savings Club (this exclusion from the Settlement Class does not apply to individuals that have voluntarily dismissed their claims without prejudice in any suit or arbitration).

4. The Court preliminarily finds that the requirements of Rules 23(a), 23(b)(3), and 23(g) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

(a) Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court preliminarily determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable;

(b) Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, the Court preliminarily determines that there are one or more questions of fact or law common to the Settlement Class;

(c) Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, the Court preliminarily determines that Plaintiffs' claims are typical of the claims of the Settlement Class;

(d) Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Court preliminarily determines that Plaintiffs and Class Counsel fairly and adequately protected the interests of the Settlement Class for purposes of litigating this matter and entering into and implementing the Settlement Agreement;

(e) Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily determines that common questions of law and fact predominate over individual questions affecting Settlement Class Members; and

11

(f)      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

5.      The Court preliminarily appoints Judy Kirkbride and Beeta Lewis as representatives of the Settlement Class and finds and preliminarily concludes that Judy Kirkbride and Beeta Lewis will fairly and adequately represent and protect the interests of the Settlement Class.

6.      For purposes of settlement only, the Court preliminarily appoints the law firms of Bursor & Fisher, P.A., Arisohn LLC, and Smith Krivoshey, PC to serve as Class Counsel, preliminarily finding and concluding that they meet the requirements to be Class Counsel pursuant to Rule 23(g) and are competent and capable of exercising the responsibilities of Class Counsel.

7.      In the event the Settlement Agreement is terminated pursuant to the terms thereof, or fails to become effective for any reason, then: (a) all orders of the Court preliminarily or otherwise approving the Settlement and/or preliminarily or otherwise certifying the Settlement Class shall be vacated; (b) the Settling Parties shall be returned to the *status quo* that existed in the Action immediately prior to May 23, 2025, when the Sixth Circuit first held the case in abeyance so that the Parties could engage in settlement discussions; and (c) the Settling Parties shall retain all of their respective rights and defenses as of immediately prior to May 23, 2025, when the Sixth Circuit first held the case in abeyance so that the Parties could engage in settlement discussions. The Settling Parties shall then proceed in all respects as if the Settlement Agreement and any related orders had not been executed and/or entered.

12

**Notice and Administration**

8.      The Court appoints Angeion Group as the Settlement Administrator to effectuate and administer the Notice Plan delineated in the Declaration of Eric Schachter[5] and the exclusion process for opt-outs, and to effectuate and administer the claims process for members of the Settlement Class.

9.      The Settlement Administrator shall (a) administer the issuance of Notice to the Settlement Class in accordance with the terms of this Order and any other orders of the Court; (b) review each Claim Form and determine, under the supervision of Class Counsel, in accordance with this Settlement Agreement and any applicable orders of the Court, the validity of each claim; (c) calculate the Recognized Claim amounts (defined in the Plan of Allocation and Distribution) of Authorized Claimants (defined in the Plan of Allocation and Distribution) that shall be allowed; (d) administer the Distribution of the Net Settlement Fund to Authorized Claimants; and (e) otherwise provide such claims administration services as are customary in settlements of this type, subject to such supervision of Class Counsel and (as appropriate or as circumstances may require) the Court.

10.     Within fourteen (14) days from the entry of this Order, the Settlement Administrator shall post on the Settlement Website the Settlement Agreement, Notice, Claim Form, and other pertinent documents and Court filings pertaining to the Settlement (including the motion for attorneys' fees, expenses, and service awards, upon its filing).

11.     The Settlement Administrator shall provide such reports, declarations, and such other information to the Court as the Court may require or as Class Counsel or Defendant requests.

12.     The Court appoints Angeion Group to serve as Escrow Agent.

---

[5]      *See* Declaration of Eric Schachter in Support of Settlement Notice Plan ("Schachter Declaration").

13

13.     The Court determines that Notice should be provided to members of the Settlement Class with opt-out rights afforded to them as to their participation in the Settlement Class.

14.     The Court approves, as to form, content, and distribution, the Notice set forth in the Settlement Agreement and the Notice Plan set forth in the Schachter Declaration, including the Claim Form attached to the Settlement Agreement as Exhibit E and all forms of Notice to the Settlement Class as set forth in Exhibits C1, C2, and D to the Settlement Agreement, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement and Schachter Declaration is necessary in this Action. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

15.     The Settlement Administrator is directed to implement notice in accordance with the Settlement Agreement and Notice Plan. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.  The Settlement Administrator is further directed to establish a post office box, and toll-free telephone line for providing notice and information to members of the Settlement Class and receiving opt-out requests and other filings or communications from members of the

14

Settlement Class.  All Notice and Administration Expenses shall be paid as set forth in the Settlement Agreement.

16.     Within 60 days following the Court's entry of this Preliminary Approval Order, ("Notice Deadline") the Settlement Administrator shall complete publication and dissemination of notice to members of the Settlement Class that are described in the Notice Plan using the summary notice, email notice, and long-form notice contained in Exhibits C1, C2, and D attached to the Settlement Agreement.

**Submission of Claims and Requests for Exclusion from Class**

17.     Members of the Settlement Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions contained therein.  All Claim Forms must be postmarked or submitted electronically no later than 180 days after the Court's entry of this Preliminary Approval Order (i.e. 120 days after the Notice Deadline (the "Settlement Claims Period" or "Claim Filing Deadline")).

18.     Any member of the Settlement Class that does not wish to participate in the Settlement shall have until 120 days after the Court's entry of this Preliminary Approval Order (the "Opt-Out Deadline") – *i.e.*, 60 days after the Notice Deadline – to submit a request to become an opt-out and be excluded from the Settlement Class. Settlement Class Members shall not be permitted to exclude other Settlement Class Members. Moreover, group or class-wide exclusions shall not be permitted. A request for exclusion must be submitted by each Settlement Class Member on an individual basis, and any request for exclusion by a purported authorized agent or representative of a Settlement Class Member must include proof of the representative's legal authority and authorization to act and request exclusion on behalf of each Settlement Class Member for which the representative requests exclusion.

19.     (a)     A member of the Settlement Class may affect such an opt-out by sending a written request to the Settlement Administrator: *Kroger Savings Club Litigation Settlement* Settlement Administrator, EXCLUSIONS c/o Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, by (i) first-class U.S. mail with postage prepaid and postmarked no later than the Opt-Out Deadline, or (ii) overnight delivery shown as sent no later than the Opt-Out Deadline.  The written request must be signed by a person authorized to do so and must provide all of the following information: (1) the individual's full name, current mailing address, telephone number, and social security number; (2) a statement that the individual purchased and paid for one or more prescription drugs from Kroger using insurance during the Settlement Class Period; (3) a statement that the individual wishes to be excluded from the Settlement Class, and (4) the individual's signature.

(b)     A request for exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid; the individual filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if the Settlement is approved.

20.     Individuals who validly opt out of the Settlement Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims.

**Objections and Appearances**

21.     Any Settlement Class Member shall have until 120 days after the Court's entry of this Preliminary Approval Order (the "Class Objection Deadline") – *i.e.*, 60 days after the Notice Deadline – to submit an objection to (i) the Settlement Agreement, (ii) any request for Attorneys'

Fees and Expenses, and/or (iii) any request for Service Awards (be an "Objector"), and to file any notice to appear.

22. Such an Objector must (i) file or send a written statement of objections by first-class U.S. mail and postmarked on or before the Class Objection Deadline to the Clerk of the United States District Court for the Southern District of Ohio, United States Courthouse, 85 Marconi Boulevard, Room 121, Columbus, OH 43215, and (ii) send a copy of the statement of objections to the following designees of Class Counsel and Defendant's Counsel, by first-class U.S. mail and postmarked on or before the Class Objection Deadline:

Designees of Class Counsel:

Joseph I. Marchese (*pro hac vice*)
Andrew Obergfell (*pro hac vice*)
BURSOR & FISHER, P.A.
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
        aobergfell@bursor.com

Joshua D. Arisohn
ARISOHN LLC
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

Joel D. Smith (*pro hac vice*)
SMITH KRIVOSHEY, PC
867 Boylston Street
5th Floor #1520
Boston, MA 02116
Telephone: (415) 202-6109
E-mail: joel@skclassactions.com

Designee of Defendant's Counsel:

Selina Coleman
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C.  20005-3373

Michael Scott Leib
REED SMITH LLP
10 S. Wacker Dr. # 4000
Chicago, IL 60606
Telephone:  (312) 207-1000
mleib@reedsmith.com

23. The Objector's written statement of objections shall provide the following information:  (a) the objector's name, address, email address, and the identity of and contact

information for any attorney representing the objector; (b) the legal or factual basis for the objection; (c) documentation sufficient to prove the objector's membership in the Settlement Class (such as evidence of relevant prescription purchases or payments); (d) a list of any witnesses, exhibits, or legal authority that the objector intends to offer; (e) whether the objector intends to appear, either in person or through counsel, at the Fairness Hearing; (f) whether the objection applies only to the objector, to a subset of the Settlement Class, or to the Settlement Class as a whole; and (g) a list of all class action settlements to which the objector and/or their counsel have previously objected.

24. In addition, any Objector or counsel for an Objector that desires to appear at the Fairness Hearing must file with the Court on or before the Class Objection Deadline, and send to the designees of Class Counsel and Defendant's Counsel identified above, by first-class mail and postmarked on or before the Class Objection Deadline, a separate notice of intention to appear in *Kirkbride et al. v. The Kroger Co.*, No. 2:21-cv-00022 (S.D. Ohio) that identifies by name, position, address, email address, and telephone number each person who intends to appear at the Fairness Hearing on behalf of the Objector as well as the Objector's signature.

25. Members of the Settlement Class who fail to file and serve timely written objections in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether

18

to approve the Attorneys' Fees and Expenses to Class Counsel; and (d) whether to approve the payment of the Service Awards.

**Fairness Hearing**

26.    The Fairness Hearing shall be held before this Court on **January 11, 2027, at 10 a.m.** in Courtroom 1, Room 331 at the United States District Court for the Southern District of Ohio, Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215 to: (1) determine whether to grant final approval of this Settlement and direct its implementation pursuant to the terms and conditions of the Settlement Agreement; (2) confirm that the Notice Plan complies in all respects with the requirements of due process and Rule 23 by providing due, adequate, and sufficient notice to the Settlement Class; (3) determine whether this Settlement is fair, reasonable, and adequate; (4) finally approve the proposed Plan of Allocation and Distribution; (5) determine whether to finally appoint Class Counsel and approve the application for an award of Attorneys' Fees and Expenses; (6) determine whether to finally appoint Class Representatives and approve Plaintiffs' request for Service Awards in connection with their representation of the Settlement Class; (7) determine whether to direct that the Action be dismissed with prejudice; (8) determine whether to state pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and direct that the Judgment is a final, appealable order; and (9) determine whether to retain the Court's continuing and exclusive jurisdiction over the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, and over the Settlement Class Members for all matters relating to the Action.

27.    At the Fairness Hearing, the Court also will address any objections to the foregoing matters. The Court may continue or adjourn the Fairness Hearing without further notice to members of the Settlement Class. The Court may approve the proposed Settlement with such

19

modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Fairness Hearing by telephone or video conference without further notice to the Settlement Class. If the Court continues or adjourns the Fairness Hearing or orders that the Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on the Settlement Website. Any Settlement Class Member (or his or her counsel) who wishes to appear at the Fairness Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

28.     No later than 14 days before the Opt-Out Deadline and Class Objection Deadline, Class Counsel will file all motions and supporting papers seeking the Court's approval of Class Counsel's Fee and Expense Award and Service Awards ("Fee Brief") with respect to their representation of Plaintiffs that culminated in the Settlement Agreement.

29.     Papers in support of final approval of the Settlement Agreement, and any supplementation to the Fee Brief shall be filed with the Court on or before **December 28, 2026**. Class Counsel will cause the above-referenced motions and supporting papers to be promptly posted on the Settlement Website.

30.     Provided Defendant has not terminated the Settlement pursuant to the terms of the Settlement Agreement, the Parties may file papers responding to objections ("Response to Objections"), if any, on or before **December 28, 2026**.

**Further Matters**

31.     To the extent the Triggering Criteria referenced in ¶ 8.3 of the Settlement Agreement are met, Defendant shall have 60 days from the Opt-Out Deadline to notify Class Counsel whether or not Defendant decides to make a final decision to terminate the Settlement ("Termination Deadline").

32.     Within 14 days after the Opt-Out Deadline and conclusion of the Class Objection Period, the Settlement Administrator shall prepare a declaration ("Settlement Administrator Declaration") and provide it to the designees of Class Counsel and Defendant's Counsel as listed above.  Class Counsel shall file the declaration with the Court in connection with its motion for final approval.

33.     The Settlement Administrator's Declaration shall:

(a)     Confirm that the Notice Plan was carried out and that Notice to members of the Settlement Class was provided in the manner directed by the Court, and provide information regarding the reach of the Notice;

(b)     Identify the date on which content on the Settlement Website was made available to members of the Settlement Class and identify the dates on which Notice occurred;

(c)     Confirm the date on which the Settlement Administrator established a toll-free telephone number for the Settlement and a postal mailing address;

(d)     Confirm that the notice required by the Federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715 was carried out, and the date on which CAFA notice was carried out;

(e)     Identify the total number of Settlement Class Members that timely sought to be excluded from the Settlement Class, and the total number of any untimely requests for exclusion; and

(f)     Confirm that Distribution of the Settlement will be carried out in accordance with the approved Plan of Allocation and Distribution and the Settlement Agreement.

34.     The Settlement Administrator's expenses for the foregoing Notice and Administration activities, including those of any third-party vendors it uses to perform tasks

necessary for the implementation or effectuation of its duties, shall be paid from the Settlement Fund.  In no event shall Defendant's Released Persons have any obligation, responsibility, or liability with respect to the Settlement Administrator, the Notice Plan, or the Administration procedures for members of the Settlement Class, including with respect to the costs, Notice and Administration Expenses, or any other charges for any notice and exclusion procedures, except indirectly through payment of the Settlement Amount or as specifically provided for in the Settlement Agreement.

35.    All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

36.    Members of the Settlement Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable.

37.    The Court retains jurisdiction to consider all further applications arising out of or connected to the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

38.    As described above, the following deadlines are set:

| Notice Deadline: | August 23, 2026 | [60 days after entry of this Order] |
|---|---|---|
| Fee Brief Deadline: | October 8, 2026 | [14 days before Objection Deadline / Opt-Out Deadline] |
| Objection Deadline: | October 22, 2026 | [120 days after entry of this Order] |
| Opt-Out Deadline: | October 22, 2026 | [120 days after entry of this Order] |
| Termination Deadline: | December 21, 2026 | [60 days after Opt-Out Deadline] |
| Claim Filing Deadline: | December 21, 2026 | [180 days after entry of this Order] |

| Final Approval Brief, Updated Fee Brief, and Responses to Objections Deadline: | December 28, 2026 | [14 days prior to the Fairness Hearing] |
|---|---|---|
| Fairness Hearing | January 11, 2027 | [201 days after entry of this Order] |

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 25, 2026**

23